HOKE, J., dissenting; CLARK, C. J., concurring in dissenting opinion.
This is a civil action, tried before his Honor, R. B. Peebles, J., and a jury, at May Term, 1913, of the Superior Court of Alamance County, and afterwards retried upon one issue before his Honor, W. A. Devin, J., and a jury.
The action was brought to recover damages sustained by (550) plaintiff by reason of having been bitten by an alleged mad dog owned by the defendant, and on account of the alleged negligence of the defendant.
These issues were submitted at both trials without objection or exception by either party:
1. Was plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: Yes.
2. Did the plaintiff, by his own negligence, contribute to the injury sustained by him? Answer: Yes.
3. What amount of damages, if any, is the plaintiff entitled to recover of the defendant? Answer: $200.
The only exception taken on first trial is stated in the record as follows: "Both plaintiff and defendant moved for judgment upon the issues as found by the jury. Both motions overruled. Plaintiff excepts. Plaintiff's first exception. His Honor, in his discretion, set aside the verdict on the second issue, and ordered a new trial as to that issue."
On second trial, the second issue was again submitted to the jury without objection by either party, and answered "Yes."
At the second trial, notwithstanding, the jury again found the second issue in favor of the defendant, plaintiff moved the court to sign a judgment for plaintiff for the sum of $200 and for costs. Motion denied, and this constitutes plaintiff's only exception or assignment of error.
The court, upon the issues, rendered judgment for defendant, and the plaintiff appealed.
The ruling of the judge followed the well settled decisions of this Court. In the recent case of Sasser v. Lumber Co., ante, 242, it is said: "It is settled by the decisions of this Court that, in an action of this character, where the jury find that the plaintiff was injured by the negligence of the defendant, and further find that the plaintiff by his own negligence contributed to his own injury, and then assess *Page 484 
damages, the plaintiff is not entitled to recover, and the defendant (551) is entitled to judgment upon the issues. The force and effect of the establishing of contributory negligence upon the part of the plaintiff is only obviated by the further finding under a third issue that the defendant by the exercise of ordinary care could have avoided the injury notwithstanding the negligence of the plaintiff. Baker v. R. R.,118 N.C. 1016; Harvell v. Lumber Co., 154 N.C. 262; Hamilton v. Lumber Co.,160 N.C. 51. In the last case Justice Allen says: `The plaintiff cannot recover as long as the answer to the second issue (establishing contributory negligence) stands.' This case cites and approves Baker v. R.R., supra, and holds that the respective findings of negligence, contributory negligence, and damages are not insensible and inconsistent, and the defendant is entitled to judgment."
To the same effect is Carter v. R. R., ante, 244.
It is, however, contended by the plaintiff that this action is brought under Revisal, sec. 3305, and that contributory negligence is no defense to an action for damages brought under such statute, and that, therefore, he is entitled to judgment upon the issues. The statute reads as follows: "If the owner of any dog shall know, or have good reason to believe, that his dog, or any dog belonging to any person under his control, has been bitten by a mad dog, and shall neglect or refuse immediately to kill the same, he shall forfeit and pay $50 to him who will sue therefor; and the offender shall be liable to pay all damages which may be sustained by any one, in his property or person, by the bite of any such dog, and shall be guilty of a misdemeanor, and fined not more than $50 or imprisoned not more than thirty days."
There is nothing in the complaint to indicate that this action is brought under the statute. No reference is made to it in the pleadings, and the penalty provided in it is not sought to be recovered. Such an action for damages would lie at common law before the statute.
But we will assume that the action is brought under the statute, and yet we are of opinion that upon the issues the court below rendered the proper judgment.
(552) We are not prepared to hold that contributory negligence may not be properly pleaded to an action under the statute for the actual damages sustained.
Suppose the injured person, an adult in full possession of his faculties, knowing the condition of the dog, recklessly, carelessly and unnecessarily takes hold of the animal, and is bitten. Would his negligence be no bar to a recovery?
In the case of Leathers v. Tobacco Co., 144 N.C. 347, this Court quoted with approval the following language from Toby v. R. R., *Page 485 94 Iowa 256: "It is a general rule that the doing of a prohibited act, or the failure to perform a duty enjoined by statute or ordinance, constitutes negligence, for which the party guilty of such act or omission is liable unless excused by the contributory negligence of the one to whose person or property it is done. Contributory negligence will defeat recovery, even though the negligent act consisted in the violation of a statute or ordinance, and such violation is held to be negligence per se." 29 Cyc. of Law and Procedure, page 508, and many cases cited in note.
However that may be, we do not think the point is properly before us upon this record, as the only exception taken on either trial and the only assignment of error is to the refusal of the trial judge to render judgment for the plaintiff upon the issues.
The defense of contributory negligence is set up in the answer, and on both trials evidence was introduced in support of the plea without objection or exception.
The issue of contributory negligence was framed and submitted to the jury on both trials without any objection or exception whatever by the plaintiff, and on both trials the judge charged the jury fully on that issue, and the plaintiff took no exception and has assigned no such error. He let two trials proceed to the rendition of a verdict without making any such point, and conducted each one of them upon the theory that contributory negligence is a proper defense.
It was the plaintiff's duty to except during the trial to the introduction of such evidence, to the submission of such an issue, and to the charge of the court, and to assign the rulings as error. (553) He failed to do so.
Upon the issues as answered, we think his Honor properly rendered judgment for the defendant.
Affirmed.