P. E. FOWLER v. A. A. MURDOCK ET ALS.

(Filed 1 November, 1916.)

**1. Judgments, Non Obstante.**

Under our Code system of pleading, a judgment *non obstante veredicto* may be rendered for either party, but only when the pleadings entitle the party to it irrespective of the verdict.

**2. Judgments—Verdict—Court's Discretion—Subsequent Term.**

The trial judge may not set aside a judgment upon a verdict, and continue the motion for judgment until a succeeding term, leaving the verdict to stand, and then, within his discretion, set the verdict aside; for the discretion given him must be exercised during the term in which the verdict was rendered.

**3. Judgments, Non Obstante—Limitation of Actions—Trials—Matter in Defense—Questions for Jury.**

The plea of the statute of limitations in an action gives the right to the opposing party to introduce evidence of disability, etc., to repel the bar of the statute, and ordinarily presents mixed questions of law and fact; and where it only appears that the period of time prescribed by the statute has run, it is reversible error for the trial judge to decide the matter as a question of law, and render a judgment *non obstante veredicto*, when it had not been passed upon by the jury in rendering their verdict; and a judgment upon the verdict should be rendered.

CIVIL ACTION, with ancillary proceeding of claim and delivery, to recover a horse, tried before *Devin, J.,* April Term, 1916, of DURHAM, upon these issues:

1. Is the plaintiff the owner and entitled to the possession of the horse described in the claim and delivery proceedings in this action? Answer: "Yes."

2. What amount, if any, is the plaintiff entitled to recover by reason of the wrongful detention of the horse? Answer: "None."

3. Is plaintiff's action barred by statute of limitations? Answer: "No."

The court signed judgment for plaintiff for the recovery of the horse, but during the term set aside the judgment and *ex mero motu* continued the motion for judgment until a succeeding term. The court did not set aside the verdict of the jury, but at May term rendered a judgment for defendant dismissing the action. The plaintiff appealed.

*L. L. Tilley and J. G. Mills for plaintiff.*
*Scarlett & Scarlett for defendants.*

BROWN, J. The judgment of the court contains this statement: "The jury having in their verdict answered the issue in favor of the plaintiff, as shown by the record, and the court being of the opinion that upon the testimony and the admissions of the plaintiff, his cause of action has been barred by the statute of limitations, it is ordered and adjudged that the plaintiff take nothing," etc.

The judge did not set aside the verdict in his discretion at the term when rendered, as he had a right to do, but at a subsequent term rendered a judgment *non obstante veredicto* for defendants. In this there was error.

At common law such judgment was never rendered for the defendant. Under the Code system of pleading such judgment may be rendered for either party, but only when the pleadings entitle the party against whom the verdict was rendered to a judgment. *Shives v. Cotton Mill,* 151 N. C., 291.

The plea of the statute of limitations usually presents a mixed question of law and fact. When the statute was pleaded the plaintiff had the right to offer evidence of facts tending to take the cause of action from under the bar of the statute. For instance, the plaintiff may be under age or the defendants, although at the commencement of the action residents of Durham County, may have been residing out of the State so as to stop the running of the statute, and the property sued for may have been out of the State and not within the jurisdiction of its courts.

These are matters of fact requiring the introduction of evidence to establish. It appears in the record that the court based its judgment "upon the testimony and the admissions of the plaintiff." Neither the testimony nor the admissions of the plaintiff are contained in the record, except such matters as are set out in the pleadings.

The judge had the power to set aside the verdict at the term when rendered, and it was his duty to do so if he concluded that it was

against the weight of the evidence or that he had committed an error of law. Having failed to do so, the plaintiff is entitled to judgment upon the issues as answered.

The cause is remanded with instructions to enter judgment for plaintiff.

Error.