PATRICK AYSCUE v. A. T. BARNES.

(Filed 7 October, 1925.)

APPEAL by defendant from *Devin, J.,* at June Term, 1925, of VANCE.

Civil action to recover damages for an alleged negligent injury caused by defendant's ambulance striking plaintiff, a pedestrian on a public highway, and resulting in serious damage.

Upon denial of liability, and issues joined, the jury returned the following verdict:

"1. Was the plaintiff injured by the negligence of the defendant or his agent? Answer: Yes.

"2. Did the plaintiff by his own negligence cause or contribute to his injury? Answer: No.

"3. What damages, if any, is the plaintiff entitled to recover? Answer: $2,000."

From a judgment on the verdict in favor of plaintiff, the defendant appeals, assigning errors.

*Perry & Kittrell, T. T. Hicks & Son and A. A. Bunn for plaintiff.*
*Thomas M. Pittman and Kittrell & Kittrell for defendant.*

PER CURIAM. The appeal presents no new question of law, or one not heretofore settled by our decisions. The evidence was conflicting on the issues of negligence and contributory negligence, resulting in a controversy which the jury alone could determine. They have resolved the disputed questions of fact against the defendant and in favor of the plaintiff. There is no reversible error appearing on the record. The exception relating to the judge's refusal to accept the verdict, as first

tendered by the jury, cannot be sustained. *Willoughby v. Threadgill,* 72 N. C., 438. The modification of defendant's special instructions was not only without prejudice, but entirely proper under the evidence in the case. The verdict and judgment must be upheld.

No error.