## JAMES ALLEN v. HILL YARBOROUGH.

(Filed 4 November, 1931.)

**Trial E h—Where verdict is not inconsistent and is sufficient to support judgment the trial court may not require jury to reconsider.**

The power of the trial court to accept or reject a verdict is restricted to the exercise of a limited legal discretion and he may instruct the jury to reconsider their verdict only when it is imperfect, informal, insensible, repugnant, or not responsive to the issues, and where in an action involving the issues of negligence, contributory negligence and damages, a verdict answering the first and second issues in the affirmative and awarding damages under the third is not essentially inconsistent, the answer to the second issue eliminating the award of damages as a matter of law, and it is error for the trial judge to return this verdict to the jury for further consideration with the explanation that the answers to the issues were inconsistent, nor is the error cured by the intimation of a single juror that they had not understood the charge, and where, upon redeliberation, the jury has answered the second issue in the negative, a new trial will be awarded.

APPEAL by defendant from *McRae, Special Judge,* at June Term, 1931, of DURHAM. New trial.

On 6 November, 1929, there was a collision between the plaintiff's car and a car driven by the defendant. In December the plaintiff brought suit to recover damages alleged to have been caused by the negligence of the defendant. At the trial the jury returned the following verdict:

1. Was the plaintiff's automobile damaged by the negligence of the defendant as alleged in the complaint? Answer: Yes.

2. If so, did the driver of the plaintiff's automobile, by his own negligence, contribute to the damage of the plaintiff's automobile, as alleged in the complaint? Answer: Yes.

3. What amount, if any, is the plaintiff entitled to recover of the defendant? Answer: $70.00.

After reading the issues and the answers the clerk inquired, "So say you all?" to which inquiry all of the jurors signified their assent.

Upon announcement of the verdict by the jury and the examination by the court of the issues and the written answers thereto, the court said, "Gentlemen, your verdict is inconsistent. If you answer the second issue yes, you should not answer the issue as to damages; you can award damages only in the event you answer the first issue yes and the second issue no. You will retire, gentlemen, and reconsider your verdict."

Thereupon a member of the jury told the court that they had misunderstood his former instructions; that they had understood they

must answer the second issue yes in order to allow the plaintiff damages. The defendant in apt time excepted to the instruction of the court.

The defendant moved for judgment upon the verdict. The motion was overruled and the defendant excepted.

The jury then returned their verdict, answering the first issue yes, the second no, and the third $70. Judgment was given for the plaintiff and the defendant excepted and appealed.

*W. H. Yarborough for appellant.*
*W. L. Foushee for appellee.*

ADAMS, J. Before a verdict is complete it must be accepted by the court for record. *S. v. Godwin,* 138 N. C., 582; *S. v. Bagley,* 158 N. C., 608; *S. v. Snipes,* 185 N. C., 743. This does not imply, however, that in accepting or rejecting a verdict the presiding judge may exercise unrestrained discretion. It is his duty to scrutinize a verdict with respect to its form and substance and to prevent a doubtful or insufficient finding from becoming a record of the court. *S. v. Bazemore,* 193 N. C., 336. But his power to accept or reject the jury's finding is restricted to the exercise of a limited legal discretion. He may direct the jury to reconsider their verdict if it is imperfect, informal, insensible, repugnant, or not responsive to the issues or indictment, or if it cannot sustain a judgment. *Willoughby v. Threadgill,* 72 N. C., 438; *S. v. Hudson,* 74 N. C., 246; *S. v. Whitaker,* 89 N. C., 473; *S. v. Whitson,* 111 N. C., 695; *S. v. Godwin, supra; S. v. Parker,* 152 N. C., 790; *Ayscue v. Barnes,* 190 N. C., 859; *Oates v. Herrin,* 197 N. C., 171. In *S. v. Arrington,* 7 N. C., 571, it was said, "When a jury returns with an informal or insensible verdict, or one that is not responsive to the issues submitted, they may be directed by the court to reconsider; but not where the verdict is not of such description."

Was the verdict in the present case "of such description?" Was it insensible or repugnant or so indefinite that no judgment could be rendered? We think not. As at first returned the verdict was a plain and explicit response to the issues submitted. It was not essentially inconsistent. It meant simply this: the drivers of the two cars were negligent; their concurrent negligence produced the injury complained of; and although the plaintiff suffered loss in the sum of $70, being himself in fault, he could not recover a judgment. This principle has been applied in a number of cases. *Baker v. R. R.,* 118 N. C., 1015; *Sasser v. Lumber Co.,* 165 N. C., 242; *Holton v. Moore, ibid.,* 549; *McKoy v. Craven,* 198 N. C., 780.

The appellee relies in part upon *Ayscue v. Barnes, supra,* and *Oates v. Herrin, supra.* The record in *Ayscue's case* shows that the three

issues of negligence, contributory negligence, and damages were submitted to the jury and that only the first and third were answered. As a response to the second issue was necessary the court declined to accept the verdict and directed a reconsideration, again instructing the jury in reference to the effect of their answer. The jury retired and answered the second issue in the affirmative; whereupon the judge inquired whether the jury had understood his charge. He received a negative answer and the issues were again returned to the jury for consideration. The conduct of the court was approved in that case because the instructions were not understood; and if this were the only circumstance in the case before us we should feel bound by that decision. But here his Honor returned the issues on the ground, not that his instructions had been misunderstood, but that the answers were inconsistent; and this implied that on account of such inconsistency no judgment could be pronounced.

This instruction constituted error which was not cured by the intimation of a juror that the charge had not been understood. There is nothing in the record, nothing beyond conjecture, to indicate that this juror expressed the conviction of the entire body.

In *Oates v. Herrin, supra,* the answer to the fourth issue being impossible of calculation by the court, a definite answer was required of the jury. The defendant is entitled to a new trial.

New trial.