R. LESTER CRANE v. GUY T. CARSWELL.

(Filed 23 November, 1932.)

**Trial G b: Negligence D e—Verdict awarding damages upon finding that both parties were negligent is not inconsistent and bars recovery.**

Where in an action to recover for a negligent personal injury the jury finds that both the plaintiff and defendant were negligent and awards damages to the plaintiff: *Held,* the finding that the plaintiff was negligent bars his recovery, and the verdict is not inconsistent, and no appeal will lie from the trial court's refusal to set aside the verdict in his discretion.

APPEAL by plaintiff from *Harding, J.,* at March Term, 1932, of UNION. No error.

The plaintiff brought suit to recover damages for injury alleged to have been caused by the collision of the plaintiff's truck and the defend-

ant's car. The defendant denied that he had been negligent, pleaded negligence on the part of the plaintiff, and set up a counterclaim for damages. The verdict was as follows:

1. Was the plaintiff injured by the negligence of the defendant, as alleged? Answer: Yes.

2. Did the plaintiff by his own negligence contribute to his own injury? Answer: Yes.

3. What damage, if any, is the plaintiff entitled to recover of the defendant? Answer: $200.

4. Was the defendant's car injured by the negligence of the plaintiff, as alleged in the answer? Answer: No.

5. What damage, if any, is the defendant entitled to recover of the plaintiff? Answer: None.

Judgment for defendant. Exception and appeal by plaintiff.

*W. B. Love and H. B. Adams for plaintiff.*
*J. Laurence Jones and Vann & Milliken for defendant.*

PER CURIAM. The contributory negligence of the plaintiff bars his recovery although damages were assessed upon the third issue. *Baker v. R. R.,* 118 N. C., 1015; *Sasser v. Lumber Co.,* 165 N. C., 242; *McKoy v. Craven,* 198 N. C., 780; *Allen v. Yarborough,* 201 N. C., 568. We find nothing inconsistent in the verdict and his Honor's refusal to set it aside as a matter of discretion is not reviewable.

There is no reversible error in the instruction complained of. The ordinance referred to is practically the same as the State law. Code, 1931, sec. 2621(58).

No error.