Civil action to recover for personal injuries alleged to have been caused by the negligence of the defendants.
On 15 July, 1940, the plaintiff descended the stairway of the Arcade Building in the city of High Point, which was then owned and maintained by the defendants, and was seriously injured when she stepped upon some "slick and slippery substance" on the tile floor at the entrance of the stairway and fell. In August thereafter, the plaintiff brought suit to recover damages alleged to have been caused by the negligence of the defendants. At the trial the jury first returned the following verdict:
"1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: `Yes.'
"2. Did the plaintiff, by her own negligence contribute to her injury? Answer: `Yes.'
"3. What damage, if any, is the plaintiff entitled to recover of the defendant? Answer: `$4,000.00.'"
When the jury returned to the jury box, and the issues were handed to the court by an officer, the court instructed the jury as follows:
"The Court: Gentlemen, you have answered the first issue Yes and the second issue Yes, and then assessed damages. The Court instructed you if you should find by the greater weight of the evidence, the burden being on the defendants as to that particular issue, that the plaintiff, Mrs. Butler, was guilty of contributory negligence as I have defined that to you, that is that she was guilty of negligence and that that negligence was the proximate cause or one of the proximate causes of her injury *Page 712 
which combined and concurred and co-operated with the negligence of the defendants to produce the injury, that she could not recover. Upon that finding you cannot award damages. I will let you gentlemen retire and revise your verdict as you may see fit.'"
To the foregoing instruction and to the action of the court in instructing the jury to revise its verdict, the defendants in apt time objected and excepted.
The jury retired and returned a "second verdict," with the first and third issues unchanged and the second issue answered "No." Exception by defendants.
From judgment on the "second verdict," the defendants appeal, assigning errors.
There appears to be no material difference in what transpired in the instant case relative to the verdict and what appeared in the case of Allenv. Yarborough, 201 N.C. 568, 160 S.E. 833, where a new trial was ordered. Here, the jury was instructed to retire and "revise" its verdict. This revised verdict is mentioned three times in the transcript as the "second verdict."
There was nothing essentially inconsistent in the "first verdict." Cranev. Carswell, 203 N.C. 555, 166 S.E. 746. Cf. Wood v. Jones, 198 N.C. 356,151 S.E. 732. And no suggestion came from the jury of any misunderstanding on its part. The decision in Allen v. Yarborough, supra, is controlling.
New trial.