## MRS. RILDA EDWARDS v. HOOD MOTOR COMPANY AND WILLIAM GRAHAM HOOD, JR.

(Filed 19 March, 1952.)

**1. Trial § 42—**

While the trial court may refuse to accept an indefinite or inconsistent verdict, a party litigant has a substantial right in a consistent verdict in his favor on issues determinative of the rights of the parties, and where the trial court deprives him of this right by refusing to accept a consistent verdict, such error vitiates all subsequent proceedings and entitles appellant to a remand so that he may move for judgment on the verdict.

**2. Negligence § 21—**

A verdict to the effect that the driver and passengers in the first car were not injured by the negligence of the driver of the second car, and that the driver of the second car was injured by the negligence of the driver of the first car but was guilty of negligence contributing to his injury, *is held* reconcilable under a permissive application of the doctrine of proximate cause and not essentially inconsistent, and the trial court was without power, as a matter of law, to refuse to accept such verdict.

**3. Trial § 48½—**

Where error of the trial court in refusing as a matter of law to accept a consistent verdict precluded consideration of motion by appellee to set aside the verdict as a matter of discretion, upon remand so that appellant might move for judgment on the verdict, appellee is entitled to move to set aside the verdict as a matter of discretion, notwithstanding that such motion ordinarily must be considered at trial term.

APPEAL by defendants from *Bennett, Special Judge,* and a jury, at October Civil Term, 1951, of WAYNE.

Civil action to recover damages for personal injuries sustained by the plaintiff in the collision of two automobiles, due to the alleged negligence of the defendants.

By consent this case was consolidated for trial with three companion cases: Mamie Boykin *v.* Hood Motor Company and William Graham Hood, Jr.; Flonnie Fields *v.* Hood Motor Company and William Graham

Hood, Jr.; and Hood Motor Company *v.* Flonnie Fields and Mamie Boykin. The appeal relates only to the case in which Rilda Edwards is plaintiff.

The record discloses that the plaintiff, Rilda Edwards, was a guest rider in an automobile driven by Flonnie Fields but owned by Mamie Boykin, who was also in the car. The other automobile, owned by the defendant Hood Motor Company, was being driven by the defendant William Graham Hood, Jr. The two automobiles were meeting on State Highway No. 70. The collision occurred while the car in which the plaintiff was riding was turning left, across the line of travel of the approaching Hood car, to enter a driveway leading to the home of Flonnie Fields.

The consolidated cases were submitted to the jury on the following issues:

RILDA EDWARDS *v.* HOOD MOTOR COMPANY ET AL.:

"1. Was the plaintiff injured by the negligence of the defendant, W. Graham Hood, Jr., as alleged in the complaint?

"2. What amount, if any, is plaintiff entitled to recover of the defendant?"

MAMIE BOYKIN *v.* HOOD MOTOR COMPANY ET AL.:

"1. Was plaintiff injured by the negligence of the defendant, W. Graham Hood, Jr., as alleged in the complaint?

"2. Did Mrs. Flonnie Fields contribute by her negligence to the injury of the plaintiff, as alleged in the answer?

"3. What amount, if any, is plaintiff entitled to recover of the defendant for personal injuries?

"4. What amount, if any, is plaintiff entitled to recover of the defendants for damage to her automobile?"

FLONNIE FIELDS *v.* HOOD MOTOR COMPANY ET AL.:

"1. Was plaintiff injured through the negligence of the defendant, as alleged in the complaint?

"2. Did plaintiff by her own negligence contribute to said injury, as alleged in the answer?

"3. What amount, if any, is plaintiff entitled to recover of the defendants?"

W. GRAHAM HOOD, JR., *v.* FLONNIE FIELDS AND MAMIE BOYKIN:

"1. Were the plaintiffs damaged by the negligence of the defendants, as alleged in the complaint?

"2. Did plaintiff, W. Graham Hood, Jr., by his own negligence contribute to said injury, as alleged in the answer?

"3. What amount, if any, is plaintiff, W. Graham Hood, Jr., entitled to recover of the defendants for personal injuries?

"4. What amount, if any, are plaintiffs entitled to recover for damages to their automobile?"

The jury, after considering the cases, returned in open court and asked if they could answer the first issue "no" in all four cases. The court gave further instructions, after which the jury returned to their room for further deliberation. Later the jury returned and handed to the presiding judge the issues answered in the four cases as follows: In each of the first three cases, the first issue was answered "No" and the rest of the issues were unanswered; in the fourth case, both the first and the second issues were answered "Yes," and the other issues were left unanswered.

The court, being of the opinion that the answers were inconsistent, refused to accept the verdicts. The court stated to the jury: "By your answers to the first issues (referring to the first issue in each of the three cases against the Hood defendants) you find no negligence on the part of the defendant Hood, and now by your answer to the second issue (referring to the second issue in the fourth case in which the Hoods are plaintiffs) you find he contributed to his own injury . . ."

To the action of the court in refusing to accept the verdicts as so returned, the defendant appellants (Hoods) excepted.

The court, before sending the jury back to the jury room, reinstructed them on the doctrine of intervening or insulated negligence at their request, and thereupon the jury returned to the jury room for further deliberation.

At this point, and for the first time, the plaintiff, Rilda Edwards, through counsel, moved the court that she be permitted to take a voluntary nonsuit. The court declined to allow the motion, to which action she excepted.

Shortly after resuming deliberations, the jury returned with its second group of verdicts. This time the answers were as follows: In the first three cases the answers were identical with those in the first group of verdicts, whereas in the fourth case (1) the first issue was answered "Yes," (2) the second issue "No," (3) the third issue "none," and (4) the fourth issue "$500.00."

The court accepted the verdicts. Thereupon the plaintiff, Rilda Edwards, renewed her motion for leave to take a voluntary nonsuit, and also moved that the verdict be set aside for the reason she was previously denied the right to take a nonsuit. After argument of counsel, the defendants, Hood Motor Company and William Graham Hood, Jr., tendered judgment in the instant case in accord with the verdict. This the court refused to sign. The defendants excepted. Thereupon the court

signed an order setting aside the verdict as a matter of law, assigning as the reason that the court erred in overruling the plaintiff's first motion for leave to take a nonsuit. To the signing of this order the defendants excepted.

Thereupon, the court entered judgment dismissing the action as upon voluntary nonsuit, to which the defendants excepted.

The defendants, having excepted as indicated, appealed to this Court, assigning errors.

*J. Faison Thomson and H. T. Ray for plaintiff, appellee.*

*Taylor & Allen, Lindsay C. Warren, Jr., and Paul B. Edmundson for defendants, appellants.*

JOHNSON, J. Before a verdict is complete it must be accepted by the court, but it is the duty of the presiding judge, before accepting a verdict, to scrutinize its form and substance to prevent insufficient or inconsistent findings from becoming a record of the court. Therefore, where the findings are indefinite or inconsistent, the presiding judge may give additional instructions and direct the jury to retire again and bring in a proper verdict, but he may not tell them what their verdict shall be. *Baird v. Ball,* 204 N.C. 469, 168 S.E. 667.

However, a party litigant has a substantial right in a verdict obtained in his favor. Accordingly, where a consistent verdict has been returned on issues which are determinative and is rejected by the court as a matter of law, and such ruling is held to be erroneous, the appellate Court will remand the cause for appropriate proceedings. *Allen v. Yarborough,* 201 N.C. 568, 160 S.E. 833; *Butler v. Gantt,* 220 N.C. 711, 18 S.E. 2d 119; *Ferrall v. Ferrall,* 153 N.C. 174, 69 S.E. 60; *Abernethy v. Yount,* 138 N.C. 337, 50 S.E. 696.

In the trial below, the verdicts first returned may be reconciled under a permissive application of the doctrine of proximate cause (*Luttrell v. Mineral Co.,* 220 N.C. 782, 18 S.E. 2d 412), and this is so, apart from application of the principles of intervening or insulated negligence (*Butner v. Spease,* 217 N.C. 82, 6 S.E. 2d 808).

While the record indicates the jury may have applied the doctrine of intervening or insulated negligence in arriving at their composite verdicts, nevertheless, it does not follow as a matter of law or factual certainty that such was the case. Hence, the verdict in the instant case is not essentially inconsistent. The court may have set the verdict aside as a matter of discretion, but it was error to refuse to accept the verdict as a matter of law. *Allen v. Yarborough, supra.* This error vitiated all subsequent proceedings below, and we so hold. The verdict will be treated as having been received, and the cause will be remanded for further proceedings, with the parties being relegated to their rights as of the coming in

of the verdict to the extent (1) that the plaintiff may move the court to set aside the verdict in the exercise of its discretion, and (2) that the defendants may move for judgment on the verdict. Ordinarily, a motion to set aside a verdict in the discretion of the court must be made and decided at the trial term. *Fowler v. Murdock,* 172 N.C. 349, 90 S.E. 301; McIntosh, N. C. Practice and Procedure, p. 671. However, this rule is subject to exception where, as here, an erroneous ruling of the trial court deprives a litigant of the opportunity to invoke this inherent discretionary power of the court. *Batson v. Laundry Co.,* 202 N.C. 560, 163 S.E. 600; *Tickle v. Hobgood,* 212 N.C. 762, 194 S.E. 461.

Error and remanded.