MARGARET SWANN v. W. P. BIGELOW.

(Filed 14 December, 1955.)

**Trial §§ 33, 42: Negligence § 21—**

The jury answered the issues of negligence and contributory negligence in the affirmative and awarded damages. *Held:* The court should have accepted the verdict and rendered judgment thereon, treating the award of damages as surplusage, and when the court erroneously refuses to accept the verdict and sends the jury back for further deliberation, judgment for plaintiff upon the revised verdict will be set aside and a new trial awarded.

Appeal by defendant from *Fountain, S. J.,* April 1955 Term Superior Court, Caswell.

Civil action to recover for personal injury and property damage growing out of a collision between automobiles driven by the parties. The following issues arose on the pleadings and were submitted to the jury:

1. Was the plaintiff injured and her automobile damaged by the negligence of the defendant as alleged in the complaint?

2. If so, did the plaintiff by her own negligence contribute to her own injury and damage as alleged in the further answer?

3. (a) What amount, if any, is the plaintiff entitled to recover of the defendant for damages to her automobile?

(b) What amount, if any, is the plaintiff entitled to recover of the defendant for personal injury?

4. Was the defendant injured and his automobile damaged by negligence of the plaintiff as alleged in the further answer?

5. (a) What amount, if any, is the defendant entitled to recover of the plaintiff for damages to his automobile?

(b) What amount, if any, is the defendant entitled to recover of the plaintiff for personal injury?

The jury returned into court having answered issue No. 1, Yes; No. 2, Yes; No. 3 (a) $830.00; (b) $98.00. The presiding judge refused to accept the verdict. He instructed the jury their attempted answers to issues Nos. 2 and 3 were inconsistent and directed them to return to the jury room and reconsider their verdict on those issues. The jury returned into court after changing the answer to the second issue from "Yes" to "No." The verdict as changed was accepted by the court and

judgment based thereon was signed. The defendant excepted and appealed.

*John W. Hardy for plaintiff, appellee.*

*D. E. Scarborough, C. O. Pearson, William A. Marsh, Jr., and E. H. Gadsden for defendant, appellant.*

PER CURIAM. The presiding judge was in error in holding the answers to issues 2 and 3 as first returned by the jury were inconsistent. The court should have accepted the verdict and rendered judgment thereon, treating the answers to issue No. 3 as surplusage. To send the jury back for further consideration and to accept the verdict after the change was error. However, since the verdict as first returned was not accepted by the court there has been no proper verdict rendered in the case and for that reason the judgment entered is set aside. *Butler v. Gantt,* 220 N.C. 711, 18 S.E. 2d 119. The cause is remanded to the Superior Court of Caswell County for a

New trial.