LOREN H. WILLIAMS AND WIFE, LENA REEVES WILLIAMS, v. GEORGE W. STUMPF.

(Filed 13 January, 1956.)

**1. Trial § 49—**

The trial court has the discretionary power to set aside the verdict as being contrary to the weight of the evidence, but it is questionable whether the court should hear evidence outside the trial in order to determine whether the verdict should be set aside, and refuse to permit cross-examination of the witnesses called by the court for this purpose.

**2. Trial § 42—**

A party has a substantial right in a verdict rendered by the jury in his favor.

**3. Appeal and Error § 40b—**

The action of the trial court in setting aside the verdict in its discretion will not be disturbed in the absence of abuse, but the rule contemplates the exercise of a legal and judicial discretion rather than an arbitrary and capricious one.

APPEAL by defendant from *Phillips, J.*, 4 April, 1955, Civil Term, Greensboro Division, GUILFORD Superior Court.

The plaintiffs instituted this action to recover $3,000 in damages alleged to be due by reason of the refusal of the defendant to comply with a contract to purchase a lot in Starmount Forest, Guilford County.

The defendant admitted making an offer to purchase the lot upon certain conditions. As a defense he claimed to have withdrawn the offer before acceptance. As a counterclaim he demanded the return of $500 deposited as earnest money.

A jury trial resulted in a finding the defendant did not enter into the contract to purchase and that he was entitled to recover the $500 advanced. The record discloses that on the morning following the jury verdict, "pursuant to motion by plaintiff to set aside the verdict and for

a new trial, the court called witnesses and put them on the stand as witnesses of the court." The court conducted the examination of Marvin Legare, agent for the Brown Realty Company, with respect to the contract and withdrawal of the offer. At the time the presiding judge concluded the examination of the witness, counsel for defendant requested permission to cross-examine. The request was refused and the defendant excepted. The court stated: "This is an action of the court, nobody else's. I am doing this on the theory as to whether or not I decide in my discretion to set the verdict aside. It is not a part of the record—not a part of the trial. This witness was not on the stand."

The defense counsel tendered a judgment in accordance with the verdict, which the court refused to sign. The defendant excepted.

"The court, in its discretion, exercises its discretion and sets aside the verdict of the jury and orders a new trial."

The defendant excepted and appealed.

*Hoyle & Hoyle for plaintiff, appellees.*

*Brooks, McLendon, Brim & Holderness, By: L. P. McLendon, Jr., for defendant, appellant.*

HIGGINS, J.   The question presented is whether the trial judge abused his discretion: (1) By refusing to permit cross-examination of the witness called by the court; and (2) by hearing evidence outside the trial in order to determine whether the verdict should be set aside.

It is a tradition of the law that the right to cross-examine is one of the strongest safeguards against mistake and perjury. It is a matter of regret, therefore, the defendant's counsel was denied the right to cross-examine the witness on whose testimony the court might determine whether it would set the verdict aside. After all, the defendant had a substantial right in the verdict in his favor, *Edwards v. Motor Co.*, 235 N.C. 269, 69 S.E. 2d 550, and it was entirely proper for his counsel to be diligent in his efforts to protect that right.

Although there is no evidence that anything improper took place during the trial, nevertheless the court has power to set aside the verdict as against the greater weight of the evidence. However, it is questionable whether the court should take additional testimony or base its decision only on that which the jury considered.

It is undoubtedly the rule that when a trial court sets aside a verdict in its discretion its action in so doing will not be disturbed in the absence of abuse. The rule contemplates the exercise of a legal, judicial, rather than an arbitrary, capricious discretion. *Pruitt v. Ray*, 230 N.C. 322, 52 S.E. 2d 876; *Francis v. Drug Co.*, 230 N.C. 753, 55 S.E. 2d 499;

*Ward v. Cruse,* 234 N.C. 388, 67 S.E. 2d 257. Examination of this record fails to disclose error of law requiring a reversal. The order of the Superior Court of Guilford County setting aside the verdict is

Affirmed.