BROWN *v.* BASS.

ALEXANDER BROWN v. J. C. BASS, WELTON McRAY CREECH T/A RIVERSIDE CAB COMPANY, INC.

(Filed 29 April, 1964.)

**Negligence § 30—**

A verdict finding that defendants were negligent, that plaintiff by his own negligence contributed to his injury, and awarding damages, will not be set aside for inconsistency, and the court correctly sets aside the award of damages and enters judgment that plaintiff recover nothing.

APPEAL by plaintiff from *Walker, S. J.,* October 1963 Civil Session of JOHNSTON.

Plaintiff instituted this action to recover compensation for injuries sustained when struck by an automobile allegedly negligently operated by defendant Bass as the agent of defendant Creech.

Defendants denied the alleged negligence. As an additional defense, they pleaded plaintiff's negligence as a contributing cause of the collision and resulting injuries.

Issues were submitted to and answered by the jury as follows:

"1. Was the plaintiff injured as a result of the negligence of the defendants?

ANSWER: Yes.

"2. If so, did the plaintiff by his own negligence contribute to his injury?

ANSWER: Yes.

"3. What amount of damages, if any, is plaintiff entitled to recover of the defendants?

ANSWER: $5,000.00."

When the verdict was returned, plaintiff requested the court to poll the jury. Whereupon the court inquired of each juror as to his answer to the first and second issues. Each juror stated he answered each of these issues in the affirmative and adhered to the answer given. The court thereupon set aside the answer to the third issue and entered judgment that plaintiff recover nothing. Plaintiff excepted and appealed.

*Elam Reamuel Temple and J. Roscoe Barefoot for plaintiff appellant.*

*Shepard, Spence and Mast for defendants, appellees.*

PER CURIAM. Plaintiff's assertion of error is based on the contention that the answers given by the jury to the second and third issues

are so inconsistent that no judgment could be entered thereon and, because of the inconsistency, the verdict should have been set aside in *toto* and a new trial ordered.

The argument made for plaintiff has been made on several occasions in the past and rejected. *Sasser v. Lumber Company*, 165 N.C. 242, 81 S.E. 320; *Holton v. Moore*, 165 N.C. 549, 81 S.E. 779; *Oates v. Herrin*, 197 N.C. 171, 148 S.E. 30; *McKoy v. Craven*, 198 N.C. 780, 153 S.E. 412; *Allen v. Yarborough*, 201 N.C. 568, 160 S.E. 833; *Crane v. Carswell*, 203 N.C. 555, 166 S.E. 746; *Bullard v. Ross*, 205 N.C. 495, 171 S.E. 789; *Butler v. Gantt*, 220 N.C. 711, 18 S.E. 2d 119; *Swann v. Bigelow*, 243 N.C. 285, 90 S.E. 2d 396. The latest application of the rule will be found in *Clodfelter v. Carroll, ante* 630.

No error.