MRS. ESTELLE JORDAN, ADMINISTRATRIX OF THE ESTATE OF JIMMY RAY JORDAN, DECEASED v. JOHN DAVID FLAKE, MAYNARD FLAKE, AND MRS. MARGARET R. FLAKE.

(Filed 28 April, 1965.)

**1. Negligence § 30; Trial § 45—**

It is error for the court to refuse to accept a verdict answering the issues of negligence and contributory negligence in the affirmative and awarding damages to plaintiff, and the refusal to accept such verdict invalidates all subsequent proceedings.

**2. Trial § 48—**

The lower court erroneously refused to accept a permissible verdict and declared a mistrial upon the jury's inability to reach a verdict after redeliberation. *Held:* The cause must be remanded for the lower court to accept the verdict, but the parties are relegated to their rights as of that time, so that the parties against whom the verdict is rendered may move the court to set the verdict aside in its discretion, notwithstanding such motion must ordinarily be made at the trial term.

APPEAL by defendants from *Crissman, J.,* November 1964 Civil Session of ANSON.

Action for wrongful death.

On April 24, 1964, about 11:00 p.m., the minor defendant, John David Flake, was operating the family-purpose automobile of his parents, defendants Maynard and Margaret Flake, in an easterly direction on Highway No. 74, a two-lane roadway, at a speed of about 60 MPH, the posted maximum. In passing another vehicle going in the same direction he struck and killed plaintiff's intestate, Jimmy Ray Jordan, who was standing in the traveled portion of the highway about one foot from the north edge of the pavement at a point about one mile west of Wadesboro. The pleadings and the evidence raised issues of John David Flake's negligence, Jimmy Ray Jordan's contributory negligence, and damages. The judge submitted the usual three issues to the jury with instructions that if it answered each of the first two issues Yes, it would not answer the third issue with reference to damages.

After the jurors had deliberated for some time, "they returned their verdict into the courtroom." The issues relating to negligence and contributory negligence had each been answered Yes; the issue of damages, $7,500.00. Judge Crissman, without revealing the verdict, informed the jurors that their answers to the issues were not in compliance with his instructions. He reinstructed them, in the same manner as before, and directed them to consider the issues again. An hour later the jurors returned to the courtroom, and the foreman told the court the jury would be unable to reach a verdict. The judge instructed the jury in

general terms on actionable negligence and again repeated his previous instructions that if the second issue were answered Yes, it would not award plaintiff damages. The jurors retired once more, but returned a few minutes later to announce that they were "just locked." Judge Crissman then declared a mistrial and, for the first time, permitted counsel to see how the jury had answered the issues. Defendants excepted to the failure of the court to accept the verdict, and appealed.

*Enos T. Edwards for plaintiff, appellee.*
*Taylor and McLendon by F. O'Neil Jones for defendants, appellants.*

PER CURIAM. G.S. 1-224 provides: "In actions where a verdict passes against the plaintiff, judgment shall be entered against him."

> "(A) verdict 'passes,' when it has been accepted by the trial judge for record . . . A verdict is accepted by the judge when he has inspected it and finds, *or should as a matter of law find,* that it is determinative of the issues involved." *Insurance Co. v. Walton,* 256 N.C. 345, 349, 123 S.E. 2d 780, 784. (Italics ours.)

It has long been settled by the decisions of this Court that, in actions such as this, when the jury finds that the plaintiff was injured by the negligence of the defendant and that the plaintiff by his own negligence contributed to his injury, and then assesses damages, the plaintiff is not entitled to recover. On the contrary, the defendant is entitled to judgment on the verdict, for such a verdict is not essentially inconsistent. *Brown v. Bass,* 261 N.C. 739, 136 S.E. 2d 36; *Bullard v. Ross,* 205 N.C. 495, 171 S.E. 789; *Allen v. Yarborough,* 201 N.C. 568, 160 S.E. 833; *Sasser v. Lumber Co.,* 165 N.C. 242, 81 S.E. 320.

When the jury first returned its verdict, Judge Crissman could, in his discretion, have set it aside. He could not, however, legally have refused to accept it. His rejection of the verdict was error which invalidated all subsequent proceedings. The disposition of this case is controlled by *Edwards v. Motor Co.,* 235 N.C. 269, 69 S.E. 2d 550. We follow the course it chartered:

> "The verdict will be treated as having been received, and the cause will be remanded for further proceedings, with the parties being relegated to their rights as of the coming in of the verdict to the extent (1) that the plaintiff may move the court to set aside the verdict in the exercise of its discretion, and (2) that the defendants may move for judgment on the verdict. Ordinarily, a motion to set aside a verdict in the discretion of the court must be made and decided at the trial term. *Fowler v. Murdock,* 172 N.C. 349, 90 S.E. 301; McIntosh, N. C. Practice and Procedure, p. 671. How-

ever, this rule is subject to exception where, as here, an erroneous ruling of the trial court deprives a litigant of the opportunity to invoke this inherent discretionary power of the court." *Id.* at 272, 69 S.E. 2d at 553.

Error and remanded.