FRANCES B. ROGERS, PLAINTIFF v. SPORTSWORLD OF ROCKY MOUNT, INC., RAWL INDUSTRIES, INC., SPORTSWORLD OF ROCKY MOUNT LIMITED PARTNERSHIP, AND T.J.O., INC., DEFENDANTS

No. COA98-972

(Filed 7 September 1999)

**1. Negligence— contributory—inconsistent verdict**

The trial court erred in instructing the jury to reconsider its allegedly inconsistent verdict finding plaintiff contributorily negligent, yet still awarding damages to plaintiff. The trial court should have accepted the verdict of contributory negligence barring plaintiff from recovery and should have treated the damages answer as surplusage.

**2. Witnesses— expert fees—subpoena required**

The trial court erred in ordering defendant T.J.O., Inc. to pay plaintiff's expert witness expenses as costs because the expert witness was not served with a subpoena.

Appeal by defendant T.J.O., Inc. from judgment entered 23 October 1997 by Judge Abraham Penn Jones in Nash County Superior Court. Heard in the Court of Appeals 31 March 1999.

*Hux, Livermon & Armstrong, L.L.P., by H. Lawrence Armstrong, Jr., for plaintiff-appellee.*

*Higgins, Frankstone, Graves & Morris, P.A., by David J. Hart, for defendant-appellant T.J.O., Inc.*

TIMMONS-GOODSON, Judge.

On 23 January 1993, Frances B. Rogers ("plaintiff") and her family visited Sportsworld of Rocky Mount, Inc., a family-oriented recreational facility where patrons pay a fee to skate on a polished wooden floor. Plaintiff paid an admission fee and obtained skates supplied by Sportsworld. The rental attendant failed to examine the skates to determine if they were in good operating condition. After putting on the skates, plaintiff entered the skating rink and began skating in a counter-clockwise direction. When plaintiff was approximately one-half to three-fourths of the way around the rink, she noticed the skate on her right foot would "stop and release" which prevented her from skating smoothly. Plaintiff was not aware of the specific cause of the problem. Plaintiff could not locate a rink employee to assist her, so she crossed the rink on the defective skate to get to her husband who was located near the side of the rink. When she approached the side of the rink, plaintiff proceeded to exit the rink on her own by stepping up with her right foot first. As plaintiff planted her right foot and brought her left foot forward, the skate on her right foot suddenly unlocked and "jerked to the right," causing plaintiff to fall, breaking her right ankle.

On 22 January 1996, plaintiff filed a complaint alleging negligence against Sportsworld of Rocky Mount, Inc., Rawl Industries, Inc., Sportsworld of Rocky Mount Limited Partnership, and T.J.O., Inc. ("T.J.O.") (collectively "defendants"). At the conclusion of plaintiff's case, all defendants filed motions for directed verdict. The trial court granted the motions of defendants Sportsworld of Rocky Mount, Inc., Rawl Industries, Inc., and Sportsworld of Rocky Mount Limited Partnership, but denied the motion of defendant T.J.O.

During the trial, plaintiff contended that defendant T.J.O. was negligent by failing to use proper care in inspecting and repairing the roller skate; renting a defective skate to plaintiff; having an unreasonably unsafe condition on the premises; and failing to provide adequate supervision and assistance to skaters. Defendant T.J.O. countered with evidence that plaintiff was contributorily negligent by failing to remove herself from the rink in the most expeditious manner after discovering she was skating on a defective skate.

ROGERS v. SPORTSWORLD OF ROCKY MOUNT, INC.

[134 N.C. App. 709 (1999)]

Plaintiff's case against T.J.O. proceeded to the jury. The issues submitted to the jury were answered as follows:

1. Was the plaintiff injured by the negligence of the defendant?

   ANSWER: Yes.

2. Did the plaintiff by her own negligence contribute to her injury?

   ANSWER: Yes.

3. What amount, if any, is plaintiff entitled to recover from defendant for damages due to her injuries?

   ANSWER: $15,500.00.

When the verdict was read, the judge instructed the jury as follows:

After I received your verdict sheet, it's incumbent upon me to inform you that in North Carolina a yes response on Issue Number Two as to contributory negligence precludes your making any answer on Issue Number Three. In light of that, I'm going to ask you to go back to the jury room and reconsider your answer on Number Two and Number Three—your answers.

After deliberating approximately 20 minutes, the jury returned to the courtroom having changed their answer to issue #2 from "Yes" to "No." The jury also changed their answer to issue #3 by reducing the damages award from $15,500.00 to $10,000.00. The second verdict was accepted by the court and the judgment was entered. Additionally, the court assessed $1,000.00 in cost to defendant. Defendant T.J.O. excepted and appealed.

---

The issues presented by this appeal are (1) whether the trial court erred in concluding that the original jury verdict was "inconsistent" and in resubmitting the issues of contributory negligence and damages to the jury, and (2) whether the trial court erred in assessing witness' fees to defendant T.J.O. as part of the costs of the action.

[1] Defendant T.J.O. first argues that "the trial court erred in refusing to enter judgment on the first verdict returned by the jury and striking its finding as to damages." We agree.

In North Carolina, a jury may be requested to return either a general or special verdict. N.C. Gen. Stat. § 1A-1, Rule 49(a) (1990). Usually, civil cases are resolved by a general verdict, which is con-

sistent with the proper function of a jury to consider the law and facts to achieve justice for the parties. *See Porter v. R.R.*, 97 N.C. 66, 2 S.E. 580 (1887). Rule 49(a) of the Rules of Civil Procedure defines a general verdict as "that by which the jury pronounces generally upon all or any of the issues, either in favor of the plaintiff or defendant." N.C.G.S. § 1A-1, Rule 49(a). "In arriving at a general verdict, the jurors take the law as given by the court and apply the law to the facts as they find them to be and reach a general conclusion[.]" *State v. Ellis*, 262 N.C. 446, 449, 137 S.E.2d 840, 843-44 (1964). A verdict is not complete until it is accepted by the court. *Edwards v. Motor Co.*, 235 N.C. 269, 272, 69 S.E.2d 550, 552 (1952). However,

> "it is the duty of the presiding judge, before accepting a verdict, to scrutinize its form and substance to prevent insufficient or inconsistent findings from becoming a record of the court. Therefore, where the findings are indefinite or inconsistent, the presiding judge may give additional instructions and direct the jury to retire again and bring in a proper verdict[.]"

*Id.* When the findings are consistent, yet rejected by the court as a matter of law, the appellate court will remand the cause for appropriate proceedings. *See id.* at 272, 69 S.E.2d at 553.

While no North Carolina case has defined the phrase "inconsistent verdict," previous cases with similar procedural facts as the case at bar have invariably held that when a jury finds both that plaintiff was injured by the negligence of defendant and that plaintiff by her own negligence contributed to her injury, and subsequently assesses damages, plaintiff is not entitled to recover. *Jordan v. Flake*, 264 N.C. 362, 363, 141 S.E.2d 486, 487 (1965); *Swann v. Bigelow*, 243 N.C. 285, 90 S.E.2d 396 (1955); *Butler v. Gantt*, 220 N.C. 711, 18 S.E.2d 119 (1942); *Allen v. Yarborough*, 201 N.C. 568, 160 S.E. 833 (1931). "On the contrary, the defendant is entitled to judgment on the verdict, for such a verdict is not essentially inconsistent." *Jordan*, 264 N.C. at 363, 141 S.E.2d at 457.

The facts in *Swann* are similar to the case at bar. In *Swann*, the jury determined that the defendant was negligent and the plaintiff was contributorily negligent, yet awarded damages to plaintiff. The trial court instructed the jury that its answers were inconsistent and directed it to reconsider its verdict as to contributory negligence and damages. The jury reconvened and changed its contributory negligence answer from "yes" to "no." The Supreme Court held that the trial court erred because the jury's original answers were not incon-

sistent. The Supreme Court further held that the court should have accepted the verdict and rendered judgment thereon, treating the damages answer as surplusage. *Swann*, 243 N.C at 286, 90 S.E.2d at 397.

We conclude that the case at bar is in accordance with *Swann*. Thus, it is clear that the presiding judge committed error in holding that the jury's first answers to issues #2 and #3 were "inconsistent." On the jury's first verdict sheet, they made factual findings that both plaintiff and defendant T.J.O. were negligent. Thus, under the general doctrine of contributory negligence, plaintiff was barred from any recovery. *Champs Convenience Stores v. United Chemical Co.*, 329 N.C. 446, 454, 406 S.E.2d 856, 861 (1991). Therefore, we conclude that the jury's answer to issue #3 awarding damages to plaintiff was surplusage and must be stricken and disregarded in rendering judgment. *See Summey v. Cauthen*, 283 N.C. 640, 649, 197 S.E.2d 549, 555 (1973) (recognizing that if the jury finds the plaintiff contributorily negligent, any damage award in the plaintiff's favor must be stricken and disregarded).

**[2]** Lastly, defendant T.J.O. argues that the trial court did not have the authority to order the company to pay expert witness expenses as costs. We agree.

A trial court may only award costs in accordance with statutory authority. *Town of Chapel Hill v. Fox*, 120 N.C. App. 630, 632, 463 S.E.2d 421, 422 (1995). The statutes governing the assessment of costs are North Carolina General Statutes sections 6-20 (1997) and 7A-314 (1995). *Brandenburg Land Co. v. Champion International Corp.*, 107 N.C. App. 102, 103, 418 S.E.2d 526, 528 (1992). Witness' fees are not recognized as costs unless an expert witness is subpoenaed. *Wade v. Wade*, 72 N.C. App. 372, 384, 325 S.E.2d 260, 271, *cert. denied*, 313 N.C. 612, 330 S.E.2d 616 (1985). Unless otherwise provided by law, costs may be allowed or not, in the discretion of the trial court. *Id.* Section 7A-314(d) of the General Statutes states that "[a]n expert witness, . . . shall receive such compensation and allowances as the court, . . . in its discretion, may authorize." N.C. Gen. Stat. § 7A-314(d) (Cum. Supp. 1998).

In the present case, Dr. Gregory Nelson and Dr. Adolpho H. Marsigli provided expert deposition testimony. Dr. Nelson testified that he was not served with a subpoena. Therefore, the trial court abused its discretion and erroneously assessed Dr. Nelson's $700.00 expert witness fee upon defendant. It is unclear whether Dr. Marsigli

was subpoenaed. During Dr. Marsigli's deposition testimony, he appeared not to know whether he was subpoenaed. In fact, as defendant T.J.O. contends, it appeared that Dr. Marsigli was unsure of exactly what a subpoena was. Based on this evidence, it is not appropriate for this Court to examine whether the trial court's assessment of Dr. Marsigli's expert witness costs was an abuse of discretion. Thus, we remand this question to the trial court to determine whether Dr. Marsigli was subpoenaed and to consider if a different cost assessment would be appropriate. *See id.*

We reverse the judgment of the trial court and remand this case for entry of judgment in accordance with this opinion.

Reversed and Remanded.

Judges LEWIS and HORTON concur.