RANDY DEAN McDANIEL, JR., PLAINTIFF v. DARREN TIMOTHY McBRAYER,
DEFENDANT

No. COA03-939

(Filed 18 May 2004)

## 1. Costs— attorney fees—abuse of discretion standard

The trial court did abuse its discretion by awarding plaintiff $4,500 in attorney fees and $1,437.90 in costs following a jury verdict in the amount of $800 for injuries sustained in an automobile accident even though defendant made an offer of judgment of $5,000, or by denying defendant's motion for costs, because: (1) the trial court properly considered the timing and amount of the settlement offers; (2) the trial court's failure to make a finding as to defendant's exercise of unfair bargaining power is not grounds for reversal; (3) where an insurance company is not a named defendant, there is no requirement that the trial court make an unwarranted refusal finding in order to award attorney fees; and (4) the trial court exercised its discretion by considering the whole record and by applying the factors in *Washington*, 132 N.C. App. 347 (1999).

## 2. Costs— expert witness fee—speculation

Although defendant contends the trial court erred by awarding plaintiff an expert witness fee of $400 as part of the costs without sufficient evidence that the expert was subpoenaed to testify, the record does not include the deposition testimony of the expert, defendant failed to object to the trial court's award of the expert witness fee on the basis of non-service, and under these circumstances, the Court of Appeals cannot hold there was error without engaging in speculation.

Appeal by defendant from judgment and order entered 12 May 2003 by Judge Larry G. Ford in Superior Court, Davie County. Heard in the Court of Appeals 20 April 2004.

*Lewis & Daggett, Attorneys at Law, P.A., by C. Michael Day, for plaintiff appellee.*

*Davis & Hamrick, L.L.P., by H. Lee Davis, Jr. and Richard Clay Stuart, for defendant appellant.*

WYNN, Judge.

Defendant Darren Timothy McBrayer appeals from a judgment and order of the trial court awarding to Plaintiff Randy Dean McDaniel, Jr. $4,500.00 in attorneys' fees and $1,437.90 in costs following a favorable jury verdict and award in the amount of $800.00. Defendant contends the trial court erred in awarding attorneys' fees and costs to Plaintiff where Defendant made an offer of judgment of $5,000.00, and the jury awarded Plaintiff only $800.00. For the reasons stated herein, we affirm the order of the trial court.

The pertinent facts of the instant appeal are as follows: Plaintiff filed a complaint 15 January 2002 in Superior Court, Davie County, seeking recovery for injuries he sustained in an automobile collision with Defendant. On 1 July 2002, Defendant made an offer of judgment pursuant to Rule 68 of our Rules of Civil Procedure in the amount of $5,000.00. Defendant repeated his offer 10 October 2002. On 21 April 2003, the case came for trial, following which the jury awarded Plaintiff $800.00 for his personal injuries. The trial court thereafter awarded Plaintiff costs in the amount of $1,437.90 and attorneys' fees in the amount of $4,500.00. The trial court denied Defendant's motion for costs. Defendant appealed.

---

[1] Defendant contends the trial court abused its discretion in awarding Plaintiff $4,500.00 in attorneys' fees where Defendant made an offer of judgment in the amount of $5,000.00 and the jury awarded Plaintiff only $800.00. Defendant argues the trial court further abused its discretion in awarding Plaintiff costs and denying Defendant's motion for costs. For the reasons stated herein, we hold the trial court acted within its discretion in awarding attorneys' fees and costs to Plaintiff.

Section 6-21.1 of our General Statutes provides that:

In any personal injury or property damage suit, or suit against an insurance company under a policy issued by the defendant insurance company and in which the insured or beneficiary is the plaintiff, upon a finding by the court that there was an unwarranted refusal by the defendant insurance company to pay the claim which constitutes the basis of such suit, instituted in a court of record, where the judgment for recovery of damages is ten thousand dollars ($10,000) or less, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment

for damages in said suit, said attorney's fee to be taxed as a part of the court costs.

N.C. Gen. Stat. § 6-21.1 (2003). The trial court's decision to award attorneys' fees is discretionary and will not be overturned absent a showing of abuse of discretion. *Overton v. Purvis*, 162 N.C. App. 241, 591 S.E.2d 18, 22 (2004); *Thorpe v. Perry-Riddick*, 144 N.C. App. 567, 570, 551 S.E.2d 852, 855 (2001). "To prevail, defendant must show that the trial court's ruling is 'manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision.'" *Robinson v. Shue*, 145 N.C. App. 60, 65, 550 S.E.2d 830, 833 (2001) (quoting *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988)).

In determining whether to award attorneys' fees, the trial court must consider the entire record, including, but not limited to, the following factors: (1) settlement offers made prior to the institution of the action; (2) offers of judgment pursuant to Rule 68, and whether the "judgment finally obtained" was more favorable than such offers; (3) whether the defendant unjustly exercised "superior bargaining power[;]" (4) in the case of an unwarranted refusal by an insurance company, the "context in which the dispute arose[];" (5) the timing of settlement offers; and (6) the amounts of the settlement offers as compared to the jury verdict. *Washington v. Horton*, 132 N.C. App. 347, 351, 513 S.E.2d 331, 334-35 (1999); *see also Overton*, 162 N.C. App. at 246, 591 S.E.2d at 22-23.

In his first argument, Defendant contends the trial court abused its discretion in awarding attorneys' fees in that such an award was "manifestly unreasonable in light of the small verdict and Defendant's settlement offers." Defendant contends that allowing attorneys' fees in such cases "discourages settlement and is tantamount to a guarantee that lawyers will always be paid." This Court recently rejected a similar proportionality argument in *Overton*. There, the defendant argued the trial court abused its discretion by awarding attorneys' fees in excess of $32,000.00 in a case where the jury awarded only $7,000.00. *Id.* at 247, 591 S.E.2d at 23. We found no abuse of discretion by the trial court. *See also Furmick v. Miner*, 154 N.C. App. 460, 465, 573 S.E.2d 172, 176 (2002) (finding no abuse of discretion where the defendant's prejudgment offer was approximately four and one-half times the verdict). We further note that our Supreme Court, in rejecting the contention that including costs and attorneys' fees incurred after an offer of judgment in calculating the "judgment finally obtained" discourages the settlement of cases, deemed that such pol-

icy arguments are "better addressed to the legislative branch of government." *Roberts v. Swain*, 353 N.C. 246, 251, 538 S.E.2d 566, 569 (2000). Accordingly, we hold the trial court did not abuse its discretion in awarding attorneys' fees in the amount of $4,500.00.

Defendant further contends the trial court failed to consider the timing and amount of the settlement offers. We disagree. In its order granting Plaintiff attorneys' fees, the trial court made specific findings of fact detailing Defendant's two offers of judgment for $5,000.00 dated 28 March and 10 October 2002. The trial court also found Defendant repeated this offer during a mediation of the case 19 November 2002, and again at trial on 21 April 2003. In light of these detailed findings, there is no merit to Defendant's argument that the trial court failed to consider the timing and amount of his settlement offers.

Next, Defendant argues the trial court abused its discretion by awarding attorneys' fees where Defendant did not exercise "superior bargaining power" over Plaintiff, and there was no "unwarranted refusal to settle" by Defendant's insurer. We find no merit in these arguments. The trial court's failure to make a finding as to Defendant's exercise of unfair bargaining power is not grounds for reversal. *See Tew v. West*, 143 N.C. App. 534, 537, 546 S.E.2d 183, 185 (2001) (upholding fee award where the court's findings omitted whether the defendant exercised superior bargaining power). Further, it is well established that where an insurance company is not a named defendant, there is no requirement that the trial court make an "unwarranted refusal" finding in order to award attorneys' fees. *Furmick*, 154 N.C. App. at 464, 573 S.E.2d at 175; *Washington*, 132 N.C. App. at 350, 513 S.E.2d at 334. Defendant's insurer was never a named defendant in this action, and the trial court was therefore not required to make any findings regarding the insurer's actions. *See Overton*, 162 N.C. App. at 247, 591 S.E.2d at 23 (concluding that, because the case raised neither issues of "superior bargaining power" nor "unwarranted refusal," findings as to these factors were unnecessary).

We further reject Defendant's argument that the trial court believed it had no discretion in granting Plaintiff's motion for attorneys' fees. The trial court in its order specifically noted it had considered the entire record in light of *Washington*, and that "in its discretion" it would award attorneys' fees. The trial court then made nine detailed findings of fact in support of its award. The findings, in summary, included: (1) all of the offers of settlement made by both

parties and Defendant's insurer after suit was filed; (2) Defendant's two offers of judgment of $5,000.00, which was less than the "judgment finally obtained" in the amount of $6,737.90; (3) no findings regarding unjust exercise of superior bargaining power, but as we have already noted, the absence of such a finding does not require reversal, *see Davis v. Kelly,* 147 N.C. App. 102, 108, 554 S.E.2d 402, 406 (2001); (4) no findings regarding an unwarranted refusal to pay an insurance policy, which we have determined was unnecessary, however; and (5) the dates and amounts of all offers to settle by the parties in arbitration and mediation, in offers of judgment, and during trial. Further, the jury verdict was $800.00, the judgment finally obtained was $6,737.90, and Defendant offered to settle the case for $5,000.00. From the judgment and its findings, it is clear the trial court exercised its discretion by considering the whole record and in applying the *Washington* factors. The findings are sufficient to support the trial court's conclusion that Plaintiff should be awarded attorneys' fees, and therefore, the trial court properly exercised its discretion in granting Plaintiff's motion. *Messina v. Bell,* 158 N.C. App. 111, 115, 581 S.E.2d 80, 84 (2003).

By further assignment of error, Defendant argues the trial court erred in granting Plaintiff's Rule 68 motion for costs and denying Defendant's motion for costs. Defendant's argument is based entirely upon his position that the trial court abused its discretion in awarding attorneys' fees. As we discern no abuse of discretion by the trial court in awarding attorneys' fees, we necessarily overrule this assignment of error.

[2] Finally, Defendant contends the trial court erred in awarding Plaintiff's expert witness fee of $400.00 as part of the costs where there is insufficient evidence that the expert was subpoenaed to testify. Defendant correctly notes that, unless an expert witness is subpoenaed, witness fees are not recognized as costs, and the trial court is without authority to award such. *Rogers v. Sportsworld of Rocky Mount, Inc.,* 134 N.C. App. 709, 713, 518 S.E.2d 551, 554 (1999). In *Rogers,* the expert witness testified that he was not served with a subpoena. *Id.* Because the trial court was without authority to award an expert witness fee where the expert witness was not subpoenaed, we held the trial court abused its discretion in assessing the expert witness fee upon the defendant. *Id.*

Unlike *Rogers,* the record on appeal here is silent on the issue of whether the expert witness was subpoenaed. "An appellate court is not required to, and should not, assume error by the trial judge when

none appears on the record before the appellate court." *State v. Williams*, 274 N.C. 328, 333, 163 S.E.2d 353, 357 (1968); *Hicks v. Alford*, 156 N.C. App. 384, 389-90, 576 S.E.2d 410, 414 (2003); *Pharr v. Worley*, 125 N.C. App. 136, 139, 479 S.E.2d 32, 34 (1997). We note, however, the trial court's judgment includes an award of $20.00 for "service of subpoenas" as part of Plaintiff's costs. The record does not include the deposition testimony of the expert witness, nor did Defendant object to the trial court's award of the expert witness fee on the basis of non-service. Under these circumstances, we cannot, without engaging in speculation, hold the trial court erred in awarding to Plaintiff $400.00 for his expert witness fee. *See Pharr*, 125 N.C. App. at 139, 479 S.E.2d at 34 (concluding that, where the record on appeal did not include relevant portions of the transcript, the Court would not engage in speculation as to potential error by the trial court).

In summary, we find no abuse of discretion by the trial court in awarding Plaintiff attorneys' fees and costs and in denying Defendant's motion for costs. The order of the trial court is hereby,

Affirmed.

Judges CALABRIA and STEELMAN concur.