## STRAUSE v. SAWYER.

(Filed September 22, 1903.)

NONSUIT—*Dismissal—The Code, sec. 936.*

> It is too late after verdict upon an issue or issues of fact for a
> plaintiff to take a nonsuit; and where the jury, after rendering
> a verdict, had returned to the jury room to correct a mere for-
> mal defect in the verdict, and as they retired the counsel for
> plaintiff informed the trial judge that the plaintiff would take
> a nonsuit, there was no error in refusing it.

ACTION by I. I. & M. M. Strause against John L. Sawyer
and T. C. Jones, heard by Judge *Frederick Moore* and a jury,
at November Term, 1902, of the Superior Court of PASQUO-
TANK County. From a judgment for the defendants the plain-
tiffs appealed.

*W. M. Bond,* for the plaintiffs.
*E. F. Aydlett,* for the defendants.

MONTGOMERY, J. This action was instituted for the recovery of the contract price for a bill of clothing sold and delivered by the plaintiffs to the defendants. The defendants refused to receive the goods, and in their answer denied that the goods were according to sample by which they were sold. Only one issue was submitted to the jury: "Are the defendants, John L. Sawyer and T. C. Jones, indebted to the plaintiffs, and if so in what amount?" And for their answer the jury returned a verdict "Nothing." His Honor read the issue and verdict to the jury and asked the jury if that was their verdict. They said "Yes." The Judge then said that he had instructed them that if they found the verdict in favor of the defendants, their answer to the issue should be "No," and that in the light of that instruction they should retire and write their answer to the issue. The jury retired from the Court room to the jury room, and about one-half of them had entered the jury room and the others were near the door of the jury room when the plaintiff's counsel addressed the Court and said: "May it please your Honor, the plaintiffs take a non-suit." The jury remained out about a minute and then returned to the court-room with the issue answered "No." The Court received this verdict and had it recorded as the verdict of the jury. Before the verdict was ordered to be recorded by the Court, the plaintiff's counsel tendered to the Court a judgment of non-suit, which the Court refused to sign. The verdict which was returned, "Nothing," was a substantial compliance with his Honor's instruction to the jury as to how they should respond in case they should find upon the evidence the issue in favor of the defendants. The defect in that response of the jury was only formal; and while his Honor could not be said to be in error in sending the jury back for a more technically correct verdict, yet it was not necessary for him to have done so. If the verdict, "Nothing," had been indefinite, or uncertain, or meaningless, and on that

133——5

account the jury had been sent back for a proper verdict, then the motion of the plaintiff's counsel for a non-suit should have been granted; but, as we have said, it was not uncertain or meaningless, and no one knew that better than the counsel of the plaintiffs. He understood with certainty that the verdict was against his client. It is too late after verdict upon an issue or issues of fact for a plaintiff to take a nonsuit. The Code, sec. 936; *Purnell v. Vaughan,* 80 N. C., 46; *McKesson v. Mendenhall,* 64 N. C., 502. If a counter-claim is set up in the answer, a non-suit cannot be taken by a plaintiff at any stage of the proceedings. But there was no counter-claim in the answer in this action, and that point does not arise.

We have examined carefully the other exceptions in the case—all of which relate to evidence—and they cannot be sustained.

No error.