## G. M. SHARPE v. PHILIP SOWERS.

### (Filed 20 April, 1910.)

**1. Nonsuit After Verdict—Verdict Sufficient—Judgment.**

In an action to establish the boundary line between the adjoining lands of the parties, wherein issues were specifically submitted in accordance with the contention of each as to the true line, a judgment of nonsuit should not be granted as to one of them at his request after verdict rendered, which finds only the issue which establishes the line as claimed by his adversary, as a valid judgment may be entered on the finding of the jury on that issue.

**2. Same—Formal Defect.**

When issues have been submitted to the jury in accordance with the contentions of the parties in an action to establish the boundary line between their adjoining lands, and the jury has answered only one issue, deeming it to be sufficient, the party claiming the line to be that as called for in the other issue cannot take a nonsuit, for if the failure of the jury to answer this issue made a defective verdict, it was cured by the subsequent logical answer of the jury thereto, having been instructed by the judge to answer it "Yes" or "No."

**3. Issues—Assent—Pleadings—Objection and Exception.**

A party assenting to the submission of an issue not raised by the answer, and upon which there was evidence, will not be heard to complain after verdict rendered therein.

APPEAL from *Long, J.,* at January (Special) Term, 1910, of DAVIDSON.

The facts are stated in the opinion of the Court.

*Walser & Walser* and *E. E. Raper* for plaintiff.
*Linn & Linn* and *McCrary & McCrary* for defendant.

WALKER, J. This action was commenced before the clerk of the Superior Court by plaintiff, to establish the boundary line

SHARPE *v.* SOWERS.

AREA.

| | |
|---|---|
| G. M. Sharpe (not in dispute) | 76 $\frac{02}{100}$ acres. |
| Phillip Sowers (not in dispute) | 82 $\frac{96}{100}$ acres. |
| Part in controversy | 7 $\frac{82}{100}$ acres. |
| Total | 166 $\frac{80}{100}$ acres. |

between his and defendant's land, they being owners of adjoining tracts. The clerk entered a judgment in favor of the plaintiff, that the dividing line is the one represented on the map as between the letters B and D, whereas the defendant contended that the true line is the one represented on the map as between the letters C and B. From the judgment of the clerk the defendant appealed to the Superior Court, where the case was tried before a jury upon the following issues:

1. Is the true line between the plaintiff and defendant from the black-oak stump at E, thence south $84\frac{1}{2}$ degrees, west 7.75 chains to D, thence north $18\frac{1}{4}$ degrees, west 40.23 chains to B, on map?

2. If this is not the true line, is the true line on the map the one from C to B?

The jury came into court and returned a verdict in which they answered the second issue "Yes," or in the affirmative, and in favor of the defendant, but did not answer the first issue. The court thereupon directed the jury to retire and answer the first issue "Yes" or "No," under the instruction which had formerly been given to the jury. While the jury were still in their room, and before their return into the courtroom, the counsel for the plaintiff asked the court to be allowed to submit to a nonsuit, which request was resisted by the counsel for the defendant. The court, at that time, did not grant the request of the counsel for the plaintiff, but stated that it would allow the jury to answer the first issue as directed. The jury returned to the courtroom, having answered the first issue in the negative, whereupon the court asked the jury if they had reached a conclusion, at the time they first came into court with their verdict, as to what their answer should be to the first issue, to which they responded that they thought the answer to the second issue was sufficient, but that they had decided to answer the first issue "No," if it was necessary to do so, and that they failed to do so because they thought the answer to the second issue was a sufficient response to the issues submitted by the court. The court refused to grant the motion of the plaintiff, to be allowed to take a nonsuit, whereupon he excepted and appealed.

The answer to the second issue was sufficient to dispose of the case in favor of the defendant. The plaintiff contended that the dividing line was the one represented on the map by the letters B-D, and in order to ascertain if this was the line, the court submitted the first issue. The defendant alleged that the line was the one represented on the map by the letters C-B, and the jury having found that this was the true line, it necessarily

followed that the line B-D was not the true line, and an affirmative answer to the second issue was, when logically considered, equivalent to a negative answer to the first issue. In other words, the answer to the second issue was a full response to the issues raised by the pleadings or contentions of the parties, and settled the controversy in favor of the defendant.

The two issues were submitted, we suppose, in order that the jury might determine, not only whether the allegation of the plaintiff, that the line is the one represented by the letters B-D on the map, was true, but also to enable them to determine the location of the true dividing line, which could not be the one represented on the map by the letters B-D if it is the one represented by the letters C-B, as the two lines are not coincident. The failure of the jury, therefore, to answer the first issue was a mere formal defect, if it was a defect at all, and it is evident that the court accepted their verdict as to the second issue, because the instruction was, when they were sent back to their room, that they should answer, not the second issue, but the first, which implies that the response to the second issue was received by the court as sufficient, so far as that issue was concerned.

This case does not differ substantially from *Strause v. Sawyer,* 133 N. C., 64, in which the question now presented was considered by the Court, and it was held that where a verdict was only formally defective and it could be seen therefrom what the jury had decided, and the verdict was not indefinite, uncertain or insensible, but was one upon which the court could render a judgment, the party against whom the verdict was rendered could not submit to a nonsuit, although the jury had been directed to return to their room and correct the technical informality. See, also, *Clough v. State,* 7 Neb., 342. Our case is much stronger in favor of the defendant than the ones we have cited, as here there was really no informality, but the verdict was, as first rendered, sufficient in form and substance to sustain a judgment thereon for the defendant. It would not be fair to the defendant, if a full and sufficient verdict had been returned, to permit the plaintiff to take a nonsuit, nor do we think that such action on the part of the court would be in accordance with the well-settled rule of the law applicable to such cases. Having decided that the ruling of the court upon the motion of the plaintiff, that he be allowed to take a nonsuit, was correct upon the facts of this case, it is not necessary to consider or decide whether a nonsuit could be taken in a proceeding of this kind.

We do not think there is any merit in the other exceptions.

There was evidence to sustain the verdict of the· jury, and the plaintiff, having assented to the submission of the second issue, when tendered, will not now be heard to say that there was no averment in the defendant's answer which warranted the submission of that issue to the jury. *Person v. Leary,* 127 N. C., 114.

Upon an examination of the record and the case on appeal, we find no error therein.

No error.