## STATE v. BRAD BAGLEY.

### (Filed 6 March, 1912.)

1. **Murder—Evidence—Dying Declarations.**

    Declarations of the deceased are admissible in evidence on trial of the prisoner charged with his murder, when from the circumstances and surroundings and from information given him by the attending physician it appeared that the deceased made the declarations in anticipation of his death.

2. **Same—Identification.**

    With evidence tending to show that deceased died from the effect of being shot by the prisoner from behind, on the street of a town, about 9 o'clock at night, and that his attending physician informed him that his death was near, and that if he had any message he wanted to leave, it were best that he do so: *Held*, competent as dying declarations, made a short time before his death, that it was the prisoner who had shot him; that he saw his outline very distinctly as he ran down the street, and he was certain that the prisoner was the one.

3. **Murder — Verdict —Findings — Practice—Interpretation of Statutes.**

    It is required by our statute that a jury should render their verdict in a trial for murder so as to show, if murder was their verdict, whether it was in the first or second degree. Revisal, sec. 3271.

4. **Same—Directions—Reconsideration—Recording.**

    A verdict rendered in open court is not complete until accepted by the court for record, and it is the duty of the trial judge to prevent the recording of a doubtful or insufficient finding; and in this case it is *Held*, that his Honor, on seeing that the degree of murder was not expressed in the verdict, correctly told the jury to reconsider their finding, for the purpose of specifying the crime, and upon response being made by them of murder in the first degree, the verdict was properly recorded accordingly.

APPEAL from *Cooke, J.,* at September Term, 1911, of MARTIN.

This is an indictment for murder. The prisoner was convicted of murder in the first degree, and from the sentence of death appeals to the Supreme Court.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Brown.*

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*Winston & Mathews for the prisoner.*

BROWN, J.   The prisoner was convicted of the murder of one William R. White, who died on the night of 15 August, 1911. The evidence tends to prove that while passing a gate on one of the public streets of the town of Williamston, about 9 o'clock P. M., the deceased was shot from behind, and died the same night.   There is evidence of circumstances tending to prove that the prisoner waylaid and shot the deceased.

But it is contended by the learned counsel for the prisoner that the evidence is insufficient to convict, if the dying declarations of the deceased are excluded.   Many exceptions of the prisoner relate to the competency of these declarations.

Dying declarations are admissible in cases of homicide when they appear to have been made by the deceased in present anticipation of death.   It is not always necessary that the deceased should declare himself, that he believes he is about to pass away, but all the circumstances and surroundings in which he is placed should indicate that he is fully under the influence of the solemnity of such a belief.

The evidence in this case shows that the doctor, who was present with the deceased when he expired, told him that he was in a critical condition and was likely to die, and that if there was any message he wanted to leave, he had better do so.

The doctor informed him distinctly that he could not live, and it was then that he said that it was the prisoner who shot him; that he saw his outline very distinctly as he ran down the street, and he was certain it was the prisoner.

The witness says that the deceased's mind was perfectly clear as long as he had sense to talk; that he made the same statement to different persons as they would come in the room, and that he repeated it only fifteen minutes before he died.   Other testimony corroborates this evidence.

We think the evidence indicates clearly that the deceased fully realized not only that his death was sure, but that it was also

near, and that the court properly admitted his declaration. *S. v. Quick,* 150 N. C., 820; Wigmore on Evidence, sec. 1430 *et seq.*

We have examined carefully all the exceptions in the case, and are unable to find anything whatever that will warrant a new trial. The last exception which was taken to the manner of receiving the verdict is untenable. When the jury came in with their verdict, in reply to the clerk they responded "Guilty." His Honor told the jury to reconsider their response, and specify the crime of which they found the prisoner guilty. The jurors stated they found the prisoner guilty of murder in the first degree. This was in accordance with the statute, Revisal, 3271, which requires the jury to determine in their verdict whether the crime is murder in the first or second degree.

In *S. v. Godwin,* 138 N. C., 583, the principle is recognized and enunciated that before a verdict returned into open court by a jury is complete, it must be accepted by the court for record.

It is the duty of the judge to look after the form and substance of a verdict so as to prevent a doubtful or insufficient finding from passing into the records of the court, and to accomplish such ends it is the duty of the court to see that the jury may amend their verdict in form so as to meet the requirement of the law. *S. v. McKay,* 150 N. C., 813.

No error.