### J. B. CAHOON v. D. O. BRINKLEY.

(Filed 17 February, 1914.)

1. **Trials—Nonsuit—Motion Before Verdict.**
    Where no counterclaim is pleaded or proved the plaintiff may take a voluntary nonsuit at any time before verdict rendered.

2. **Trials — Nonsuit — Counterclaim    Pleadings — Notes — Payment—Chattel Mortgage.**
    In an action upon a note with chattel mortgage security, where payment of the note is alleged in defense, the effect of the allegation of payment is not one setting up a counterclaim, or raising an issue thereof, the payment of the note automatically canceling the mortgage security, and plaintiff's motion for voluntary nonsuit should be granted when made 'in time.

APPEAL by plaintiff from *Bond, J.,* at August Term, 1914, of WASHINGTON.

Civil action, tried upon these issues:

1. Did the Plymouth Brick and Tile Manufacturing Company own the property described in complaint when the note and paper for $325 was given to A. L. Owens? Answer: "No."

2. Has the $325 note given to A. L. Owens been paid or discharged? Answer: _____

3. Did the plaintiff and E. P. Cahoon fraudulently conspire together to hold said Owens' note and purported mortgage as the property of J. B. Cahoon, after it had been paid or discharged, to defeat the claim of D. O. Brinkley? Answer: _____

4. Was the property described in said paper made to A. L. Owens·worth, when D. O. Brinkley sold it, as much as the amount of said Owens' note and interest on it? Answer: "Yes."

5. Was the paper-writing made to A. L. Owens by said Plymouth Brick and Tile Manufacturing Company so executed, probated, and registered as to make it a valid lien on the property, if said manufacturing company owned the property at time such paper was given? Answer: "No."

6. What sum, if anything, is plaintiff entitled to recover of defendant, D. O. Brinkley? Answer: "Nothing."

The plaintiff appealed.

*Gaylord & Gaylord for the plaintiff.*
*Ward & Grimes, W. M. Bond, Jr., for the defendant.*

BROWN, J.  The first assignment of error is because the court refused to allow the plaintiff to submit to a voluntary nonsuit. The facts are as follows: The jury retired to the jury room about 5:30 p. m. and stayed

168—17

out until about 9 p. m.   They were then called into the jury box in presence of counsel for both sides, about 9 p. m., and when called in were asked by the court if they had agreed on the first three issues, and they answered "No."    The court then asked if they thought by staying together in the jury room a few minutes longer they could agree on any one of the three.    One juror replied he thought they all had agreed, or could agree, on the first issue.   The court told them to go to their room and write the answer to the first issue if they had agreed or could agree. They started toward the jury room and the counsel for the plaintiff arose and said the plaintiff would take a nonsuit.    Defendant objected, and further stated that they had pleaded a counterclaim and demand for affirmative relief, that the plaintiff's .claim, etc., be canceled, and the court said it would deny right to nonsuit under the circumstances, and the plaintiff excepted.

We think this was error.   The answer of the defendant, as we read it, sets up practically a plea of payment, which if found in favor of the defendant automatically cancels the note and the security.   We have not been cited to any statutory provision which authorizes or requires the cancellation of chattel mortgages on record, as is provided in the case of mortgages upon real estate.   Even if there is such a provision, when the debt is decreed by the judgment of the court to be paid, the security for the debt is automatically discharged and released.   Besides, there was no issue tendered by the defendant or submitted to the jury based upon any counterclaim.

The plaintiff had a right to submit to a judgment of nonsuit, inasmuch as no verdict had been rendered.   It is to be noted that the jury in this case had not agreed on any one issue, and no verdict had been rendered on either issue.   Under such circumstances it is well settled, in the absence of a properly pleaded counterclaim, that the plaintiff had a right to submit to a nonsuit and go out of court.   *Straus v. Sawyer,* 133 N. C., 64; *Sharpe v. Sowers,* 152 N. C., 379.

The judgment of the Superior Court is reversed and the cause is remanded with instructions to enter a judgment of nonsuit.

Reversed.