MRS. LOLA BAIRD v. M. W. BALL, Trustee, and M. W. BALL, Individually, MRS. PATTIE B. RIDDICK, MRS. LUCY B. SPENCER, JAMES T. SPENCER, MRS. NELL C. SPENCER, T. F. THACKER, MRS. LUCY S. THACKER, LAWRENCE W. SPENCER, MRS. DOROTHY E. SPENCER, MISS SUE S. SPENCER and MRS. M. W. BALL.

(Filed 5 April, 1933.)

**1. Contracts F b—**

In an action to recover damages for the breach of an executory contract the plaintiff can recover substantial damages only when he, at the time of defendant's breach, is ready, able and willing to perform the obligations therein imposed upon him, otherwise he may recover only nominal damages.

**2. Trial G c—Where verdict is inconsistent court may direct jury to reconsider and return proper verdict.**

Before a verdict is complete it must be accepted by the court, and where the verdict is inconsistent or conflicting the court may give additional instructions and direct the jury to again retire and bring in a proper verdict, and the court's action in so doing will not be held for error where such additional instructions do not contain any expression as to how the issues should be answered, but only explain the inconsistency and direct its correction.

APPEAL by plaintiff from *Barnhill, J.,* and a jury, at December Term, 1932, of DURHAM. No error.

The following judgment of the court below setting forth the issues, will indicate the controversy:

"This cause coming on to be heard before his Honor, M. V. Barnhill, judge presiding, and a jury (and the court having nonsuited the plaintiff as to all defendants except M. W. Ball), and the following issues having been submitted to the jury, to wit:

(1) Was the paper-writing set out and described in the complaint and offered in the evidence as plaintiff's Exhibit No. 1, executed and delivered by the defendant M. W. Ball to J. B. Mason, Jr.?

(2) If so, was the execution and delivery thereof procured by the fraudulent substitution by J. B. Mason, Jr., of said paper-writing for another and different paper-writing, as alleged in the answer?

(3) Was said contract delivered to J. B. Mason, Jr., on condition that same was not to be used unless a sale of the Duke Land and Improvement Company Land was likewise sold under the other contract delivered at the same time?

(4) Did J. B. Mason, Jr., agree to pay $10,000 cash the next day as a part of the purchase price, as alleged?

(5) If so, did J. B. Mason, Jr., breach said condition?

(6) Is the plaintiff the owner of said contract for value and without notice of any defect therein?

(7) Is the plaintiff the real party in interest in this cause?

(8) Has defendant breached said contract, as alleged?

(9) If so, was plaintiff, at the time of said breach, ready, able and willing to comply with the terms thereof?

(10) What damages, if any, is plaintiff entitled to recover?

And the jury having answered the first issue 'Yes,' the second issue 'No,' the third issue 'No,' the fourth issue 'No,' the fifth issue 'No,' the sixth issue 'Yes,' the seventh issue 'Yes' the eighth issue 'Yes' the ninth issue 'No,' the tenth issue 'Damages amounting to $1.00 in favor of Mrs. Lola Baird.'

It is therefore ordered, adjudged and decreed that the plaintiff have and recover of the defendant, M. W. Ball, the sum of one dollar ($1.00). It is further ordered, adjudged and decreed that the defendant, M. W. Ball, pay the costs of this action, to be taxed by the clerk of the court.

The said contract sued upon herein is hereby and herewith declared null and void and of no effect upon paying the judgment of one dollar ($1.00), and the costs of this action. It is further ordered that this judgment be recorded in the office of the register of deeds of Durham County.　　　　　　　　　　　M. V. BARNHILL, *Judge Presiding."*

The plaintiff in the court below made a motion to set aside the verdict on the 9th and 10th issues. The motion was denied. The court below signed judgment in accordance with the verdict. Plaintiff excepted, assigned error and appealed to the Supreme Court. The material matter in controversy will be set forth in the opinion.

*W. S. Lockhart and McLendon & Hedrick for plaintiff.*
*Brawley & Gantt, Abernathy & Abernathy, V. S. Bryant and Robt. Moseley for M. W. Ball and other defendants.*

CLARKSON, J. We think the only material exception and assignment of error on the part of plaintiff: Did the trial court commit error in resubmitting the 9th and 10th issues to the jury? We think not.

The following is in the record, which sets forth the real battle in this controversy: "After the jury had retired and had been out for some time it came into court and tendered its verdict to the court. After examining the same the court made the following statement to the jury: (g) 'Gentlemen of the jury, I notice that there is a conflict between your answers to the ninth and tenth issues. I instructed you that if plaintiff was ready, able and willing to comply with the contract, then she would be entitled to substantial damages, if you come to that issue, and that if she was not ready, able and willing to do so, she was entitled to only nominal damages. And you have answered the ninth issue 'Yes' and the tenth issue '$1.00,' awarding only nominal damages. I will let you retire and reconcile your verdict before accepting same.' (h). The jury retired and in a short while returned and submitted its verdict, having changed its answer to the ninth issue from 'Yes' to 'No.' The court accepted the verdict and directed that it be recorded. After the coming in of the verdict the plaintiff moved to set aside the verdict upon the ninth and tenth issues, and excepts to the resubmission of the issues to the jury. The latter exception was entered after the jury finally returned and its verdict was accepted by the court. The plaintiff likewise excepts to the refusal of the court to set aside the verdict upon the ninth and tenth issues. To the action of the court in instructing the jury as above quoted between the letters (g) and (h) and to the resubmission of the issues to the jury, the plaintiff excepts." We do not think the exceptions and assignments of error made can be sustained.

The following principle is laid down as the law of this jurisdiction in regard to correction of verdicts, in McIntosh N. C. Practice and Procedure, part of section 603, p. 665-6: "A verdict returned to the court by a jury must be accepted for record before it is complete, and it is the duty of the judge to look after the form and substance, to prevent a doubtful or insufficient finding. For that purpose the judge

may, at any time while the jury are before him or under his control, have them amend their verdict in form, so as to meet the requirements of law. If they have failed to find a material issue, or if the findings are indefinite or inconsistent, he may direct them to retire and bring in a proper verdict; but he cannot tell them what their verdict shall be. The judge may direct the jury to make such correction at the time the verdict is returned, or after they have separated, but are still in court, or when there has been no opportunity for outside influence to affect their verdict," etc. *S. v. Godwin,* 138 N. C., 582; *Allen v. Yarborough,* 201 N. C., 568; *Wilson v. Fertilizer Co.,* 203 N. C., 359; *Crane v. Carswell,* 203 N. C., 555; *Tucker v. Bank, ante,* 120.

Under the facts and circumstances of this case, we think the court below had discretion to have the jury retire and consider the ninth and tenth issues, and render a verdict consistent with the charge and the issues submitted. The statement of the court below "I will let you retire and reconcile your verdict before accepting same," was no indication as to what the jury's verdict should be. It was not prejudicial. The jury was left to decide either way without any intimation from the court how to decide. They decided against the plaintiff on material issues. They are the triers of fact.

The plaintiff's exceptions and assignments of error as to the court below sustaining the defendants' motion for judgment as of nonsuit, C. S., 567, as to all of the defendants except M. W. Ball, cannot be sustained. Without going into the matter in detail, we think the court below properly sustained the judgment as of nonsuit as to the other defendants except M. W. Ball. We see no error in the numerous exceptions and assignments of error made by plaintiff as to the other aspects of the case. In law we find

No error.