ANNIE EVERETT; DAISY E. COSBY AND HUSBAND, JEFFERSON J. COSBY; W. B. EVERETT AND WIFE, MILDRED EVERETT; LYDIA BURROUGHS AND HUSBAND, GEORGE M. BURROUGHS; CLYDE K. EVERETT AND WIFE, RUBY EVERETT; ARTHUR A. EVERETT AND WIFE, ANNIE EVERETT; ANNIE E. GRANT AND HUSBAND, J. PERRY GRANT; LONNIE EVERETT AND WIFE, CLARA MAE EVERETT; NETTIE LOUISE KING AND HUSBAND, BENJAMIN J. KING; ALPHEUS K. EVERETT AND WIFE, ELIZABETH EVERETT, v. THOMAS YOPP, J. H. HANSLEY, ELISHA KING, ET AL.

(Filed 30 October, 1957)

1. **Abatement and Revival § 13—**

Where, pending an action to recover damages for trespass and for injunctive relief against further trespass, plaintiff dies, the court has authority to permit plaintiff's heirs to become parties on a motion at any time within one year after plaintiff's death, or afterward on a supplemental complaint. G.S. 1-74-1.

2. **Trial § 25: Courts s. 6—**

Where plaintiffs in apt time take a voluntary nonsuit as to named defendants, and no appeal is taken from the clerk's action in allowing the nonsuit, the action is no longer pending against such defendants, and it is error for the court to set aside the judgments of nonsuit as to such defendants and abate the action as to them, certainly where the record fails to show that such defendants or their representatives were present or contested the right of plaintiffs to take the nonsuit.

3. **Pleadings § 10: Trial § 25—**

A counterclaim is some matter existing in favor of defendant against plaintiff on which defendant could maintain an independent action, and in an action for trespass and for injunctive relief against further trespass, allegations in the answer of a defendant that he is the owner and in possession of a described tract of land and that insofar as plaintiffs' description covers any of the land described in the answer, the allegations of the complaint are untrue and denied, fail to set up a counterclaim so as to preclude plaintiffs from taking a voluntary nonsuit as to such defendant. G.S. 1-137.

4. **Injunctions § 8—**

Upon the hearing of an order to show cause why a temporary restraining order entered in an action to recover damages for trespass and to restrain further trespass should not be continued to the hearing, the refusal of the court to find that plaintiffs' description was not sufficiently definite to permit oral testimony to locate the land, and the order continuing the injunction to the final hearing will not be disturbed on appeal, nor will a demurrer *ore tenus* in the Supreme Court be sustained, in the absence of showing of prejudicial error, since the continuance of the temporary order relates to procedural matters and not to the merits of the case.

APPEAL by plaintiff and by defendant Yopp from *Morris, J.,* at March Term 1957, of ONSLOW.

Three civil actions instituted in year 1938 by Annie A. Everett (1) against Cottle and Yopp, (2) against R. D. Johnson and Elisha King, and (3) against W. J. Cottle and Jerry Hansley, to recover damages for trespass upon lands of plaintiff described in the complaints, and for injunctive relief against further cutting.

The record and case on appeal disclose (1) that it is alleged in paragraph two of the complaint in each action: "That the plaintiff is the owner in fee simple and in the rightful possession of the following described tract of land, viz: Being all of the lands formally (formerly) owned by Joseph M. Everett Mill Pond and Mill rest, said land being that part which was covered by water at the time the mill was in operation, and being in Stump Sound Township, Onslow County, about 3 miles west of Sneeds Ferry. Said Deeds being recorded in the Register of Deeds office for Onslow County. Containing approximately 100 acres"; and that on given date the "defendants willfully, wrongfully and unlawfully entered upon the lands of this plaintiff and cut and removed a part of the timber of this plaintiff, and is continuing to remove the timber to her damage" in sum stated.

(2) That in the respective cases in answer to the allegations contained in the second paragraph of the complaint, each defendant, Thomas Yopp, Elisha King and J. H. Hansley, respectively, alleges that he is the owner of and in possession of a certain specifically described tract of land, and that "insofar as the plaintiffs' description describes, covers or includes any of the land described in this paragraph of the answer the allegations in said paragraph of the complaint are untrue and are therefore denied"; and the allegations of trespass are denied.

And plaintiffs' case on appeal shows: That these three actions were consolidated by order of court and a reference was ordered; that the referee heard the cases and made his report, and judgment was later rendered thereon, and on appeal therefrom to Supreme Court the causes were remanded to the court below in accordance with opinion reported as *"Annie A. Everett v. R. D. Johnson, et al,* 219 N.C. 540"; that thereafter, upon motion of defendants, the report of the referee was set aside, the original survey stricken out, and a new reference ordered, appointing the Hon. Cyrus M. Faircloth as referee, and that for failure of counsel to agree upon time for hearing, no trial was ever had before this referee, and he is now dead; that prior to his death two members of counsel for plaintiffs also died; that

later plaintiff also died, and previously the defendants Elisha King and J. H. Hansley had expired (dates not given).

The record shows that by affidavit of Alpheus K. Everett sworn to and subscribed on 13 February, 1957, for new parties and temporary injunction, it was made to appear that Annie Everett was dead; that she had nine children, including Alpheus K. Everett, and that they and their respective spouses are living, of full legal majority and *sui juris;* that the defendant Thomas Yopp has recently entered upon a portion of the above described land through some kind of contract with the Corbett Package Company, of New Hanover County, and in conjunction with the said Package Company has engaged in cutting and removing therefrom valuable pine timber and other trees (which have grown thereon since the water receded from said millpond and have continued to grow during the long pendency of this lawsuit); that said Thomas Yopp has threatened to continue to cut and remove said timber; and that unless they are restrained, the said Thomas Yopp and the Corbett Package Company and their agents and employees will do great and irreparable damage to the property above described.

And it is further stated in paragraph 5 of said affidavit, upon information and belief, that "the said Thomas Yopp and other parties to said consolidated lawsuit have been and still are under the injunctive orders therein issued by the court; but notwithstanding this fact and that this matter has been called to his attention, the said Thomas Yopp has stated that he intends to proceed with the cutting of said timber and trees;" and in paragraph 6 it is set forth "that to the end that they may prosecute the said lawsuit in place of their late mother, Annie Everett, the undersigned and his brothers and sisters, above named, desire to be permitted to come into court and be made parties plaintiff in this lawsuit; and to that end they promise the court a prompt and diligent performance of all the requirements the court may impose upon them."

And in this affidavit this prayer for relief is set forth: "Wherefore, the undersigned and his above named brothers and sisters petition and move the court that it order that they be permitted to become parties plaintiff in this lawsuit, as consolidated by the court; and that the court enjoin and restrain the said Thomas Yopp and his associates, agents and employees from committing further trespass upon the above described premises pending final trial and judgment in this action."

Thereupon the cause coming on and being heard by Morris, J., holding the courts of the Fourth Judicial District, in Chambers, at Kenansville, N. C., on 13 February, 1957, and "it ap-

pearing to the court from the affidavit of Alpheus K. Everett that all of the children and heirs at law of the original plaintiff, Annie Everett, are necessary parties to the conclusion of this suit, the court," entered an order permitting Alpheus K. Everett and his brothers and sisters, and their respective spouses, to become parties to this suit and to that end permitted them to come into court and adopt the several complaints herein filed by their mother or to file a new or amended complaint, as they may be advised.

And "upon further consideration of the said affidavit of Alpheus K. Everett," the defendant Yopp and his agent or contractee, Corbett Package Company, were ordered to appear before the said Judge at certain place and time on 26 February, 1957, and show cause why they should not be restrained as prayed until final hearing, and, in the meantime, restraining them.

The record shows that summons not having been issued for the Corbetts, both the injunction and the action as to them were dismissed on 28 February, 1957.

Thereafter on 5 March, 1957, the newly made parties plaintiff, under order of Judge Morris, dated 13 February, 1957, as aforestated, elected to take nonsuits in the actions (1) against King, and (2) against Hansley, and in accordance therewith the Clerk of Superior Court entered nonsuits on 5 March, 1957.

And the record shows that on 27 March, 1957, Judge Morris entered the following order:

"This Cause, coming on to be heard before His Honor Chester Morris, Judge holding the Courts of the Fourth Judicial District, at Jacksonville, N. C., at 2:30 p.m., on February 28, 1957, upon the return of the temporary injunction, and being heard and it appearing to the Court that Annie Everett is dead and that Daisy E. Cosby and husband, Jefferson J. Cosby; W. B. Everett and wife, Mildred Everett; Lydia Burroughs and husband, George M. Burroughs; Clyde K. Everett and wife, Ruby Everett; Arthur A. Everett and wife, Annie Everett; Annie E. Grant and husband, J. Perry Grant; Lonnie Everett and wife, Clara Mae Everett; Nettie Louise King and husband, Benjamin J. King; and Alpheus K. Everett and wife, Elizabeth Everett, are her heirs at law; and they—appearing in Court having asked that they be made parties plaintiff, the same is allowed; and they having filed an affidavit and motion for injunction on which was used to secure the temporary injunction herein, and same is permitted to be filed in the cause and plaintiffs are allowed 30 days to file an amended complaint and T. O. Yopp given thirty (30) days thereafter to answer; and it appearing

to the court that Elisha King and J. H. Hansley have both been dead for more than ten years and their heirs at law have not been made parties, and that the plaintiff was given leave to amend her complaint and no amended complaint has been filed;

"It is now ordered, considered and adjudged that this action, as to Elisha King and J. H. Hansley and their heirs, devisees and grantees, abates and said action so far as they are concerned is dismissed at the cost of the plaintiff. The Judgments of Voluntary Nonsuit entered by the Clerk as to defendants King and Hansley are set aside and vacated.

"The defendant T. O. Yopp offered the deed referred to in the motion of the plaintiffs from H. L. Grant to Annie Everett, recorded in Book 176, page 391, of the Register of Deeds Office of Onslow County, and the Court Map made herein by B. M. Potter, Court Surveyor, in May, 1943, and asked the Court to find as a fact that there was no well defined shore line around the mill pond in question. The Court declined to so find and the defendant excepted.

"The Court being of opinion that the allegations of the original complaint were sufficient to permit verbal testimony to locate the land in question, continued the injunction to the final hearing as against the defendant T. O. Yopp, forbid him to cut any timber growing on the lands covered by the old Ennett mill pond referred to in the pleadings—upon the plaintiff giving a justified bond in the sum of $1500.00 with surety to be approved by the Clerk.

"By consent of all parties, this judgment may be signed out of term, out of the County and out of the District.

"Done at Jacksonville, N. C., this the 27th day of March, 1957.

/s/ CHESTER MORRIS,

Superior Court Judge."

To the failure of the court to find as a fact that there was no well defined shore line of the old mill pond in question, to the finding that the complaint described and alleged the plaintiff to own lands sufficiently definite to permit oral testimony to locate the land, to the continuing of the injunction to the final hearing, the defendant T. O. Yopp objected and excepted, and appeals to the Supreme Court and assigns error.

(Note: It is noted here that it appearing to the court that the defendant Thomas O. Yopp is dead, his executors, devisees and legatees, naming them, were by order dated 26 July, 1957, substituted as defendants, and permitted to adopt the pleadings

on file by T. O. Yopp and to carry out the appeal which he entered to the Supreme Court.)

And to the abatement and dismissal of the actions against Elisha King and J. H. Hansley and their heirs and devisees and grantees, and to the setting aside and vacating the voluntary nonsuits taken before the Clerk of Superior Court of Onslow County by the plaintiffs, the plaintiffs objected, excepted and appeal to Supreme Court, and assign error.

*Nere E. Day, Ellis & Warlick, Marion M. Godwin for plaintiffs appellants and plaintiffs appellees.*
*E. W. Summersill, Isaac C. Wright for defendants appellants.*

### On Plaintiffs' Appeal

WINBORNE, C. J. In the main plaintiffs assign as error the action of the trial court in setting aside and vacating the judgments of voluntary nonsuit taken by plaintiffs before the Clerk of Superior Court of Onslow County in the actions against King and Hansley, and in abating these two actions.

In this connection it is provided in G.S. 1-74-1 that "No action abates by death * * * of a party * * * if the cause of action survives, or continues"; and "in case of death * * * the court, on motion at any time within one year thereafter, or afterwards on a supplemental complaint, may allow the action to be continued, by, or against, his representative or successors in interest * * *."

In the light of this statute, and bearing in mind that the three actions had been consolidated, and the original plaintiff being dead, the action did not abate, and the court, on motion at any time, within one year thereafter, or afterwards on a supplemental complaint, could allow the action to be continued by her representatives or successors in interest. And upon the facts alleged upon the affidavit of Alpheus K. Everett, set out in the above statement of the case, the court entered an order on 13 February, 1957, permitting the children and heirs at law of plaintiff "to become parties to this suit," and to that end they were "permitted to come into court and adopt the several complaints herein filed by their mother or to file new or amended complaint as they may be advised." This the court had the authority to do. And it was thereafter on 5 March, 1957, that the newly made plaintiffs elected to, and did submit to voluntary nonsuits as to defendants King and Hansley as evidenced by judgments signed by the Clerk on that date, from which the record fails to show any appeals.

It would, therefore, follow that the plaintiffs being parties to the action, having a right to take a nonsuit, and having acted when they had a right to act, and no appeal having been taken from the Clerk's action in allowing the nonsuits, they are final. Hence the actions against King and Hansley were not thereafter pending for abatement.

Furthermore, the record fails to show that a motion was made or that notice of motion was given to plaintiffs to set aside the judgments of nonsuit and to abate the actions. Nor does the record show that at that time King and Hansley, or the representatives of either of them, were present or that they are now contesting the right of plaintiffs to take a nonsuit.

However the question may arise as to whether the answers of defendants King and Hansley amount to a counterclaim such as would prevent plaintiff taking a nonsuit, G.S. 1-137. Decisions of this Court answer in the negative. See *Turner v. Livestock Co.*, 179 N.C. 457, 102 S.E. 849. In this case it is stated that "the defendants filed answer denying the material allegations of the complaint and pleaded as a counterclaim the following: 'That they were at the time of bringing this action, and are now, the owners in fee simple and in possession of the land claimed by the plaintiffs, and they plead said ownership as a counterclaim. Wherefore, defendants demand judgment that they go without day as to plaintiff's claim, and that they be adjudged the owners in fee simple of the lands claimed by plaintiffs, and that they recover cost and have general relief.' The plaintiffs failed to file a reply to the answer, and the defendants moved for judgment upon the alleged counterclaim for want of a reply, which was refused, and the defendants excepted." And in the opinion by Allen, J., the Court has this to say: "The defendants' appeal presents the simple question as to whether the allegations of the defendant in the answer that they are the owners of the land in controversy and in possession thereof constitute a counterclaim, because if it is a counterclaim it was the duty of the plaintiffs to file a reply thereto, and upon failure to do so the defendants would be entitled to judgment for want of reply. 'The criterion for determining whether a defense set up can be maintained as a counterclaim is to see if the answer sets up a cause of action upon which the defendant might have sustained a suit against the plaintiff; and if it does, then such cause of action is a counterclaim; and it must disclose such a state of facts as would entitle the defendant to his action, as if he was plaintiff in the prosecution of his suit, and should contain the substance of a complaint, and like it, contain a plain and concise statement

of the facts constituting a cause of action.' *Garrett v. Love,* 89 N.C. 207.

"Again in *Askew v. Koonce,* 118 N.C. 531, it is said: 'Unless a defendant has some matter existing in his favor and against the plaintiff, on which he could maintain an independent action, such claim would not be a counterclaim.'

"Tested by this rule, we are of opinion that the defendants have not alleged a counterclaim.

"If they had instituted an independent action alleging simply that they were the owners of the land and in possession it would have been the duty of the court to enter judgment of nonsuit, because if they owned the land and were in possession, nothing else appearing they had no cause of complaint.

"The case would be different if, as in *Roper Lbr. Co. v. Wallace,* 93 N.C. 23, and in *Yellowday v. Perkinson,* 167 N.C. 147, there were allegations entitling the defendants to equitable relief, or if it had been alleged that the plaintiffs were setting up a claim which amounted to a cloud upon their title, but none of these allegations appear in the answer, and as they are relying upon the letter of the law they must abide by it." The cases of *McLean v. McDonald,* 173 N.C. 429, 92, S.E 148, and *Sawyer v. Cowell,* 241 N.C. 681, 86 S.E. 2d, 431, cited by defendants Yopp are distinguishable in factual situation.

Applying this rule of the Court to answers of defendants King and Hansley, it is seen that a counterclaim is not alleged. Indeed, the averments in this respect amount to no more than a denial of plaintiffs' title *pro tanto,* and a disclaimer to all lands described in the complaint outside the boundary of the land defendant avers he owns and has in possession.

Hence this Court is constrained to hold that the assignments of error presented by plaintiffs in these respects are well taken and the judgment setting aside said nonsuits, and abating the actions, the subjects of plaintiffs' appeal, are

Reversed.

## On Appeal of Defendants Yopp

There are three assignments of error presented by defendants Yopp on their appeal.

Number One is based upon exception of like number to refusal of the court to find as a fact that there was no well defined shore line of the old mill pond in question.

Number Two is based upon exception of like number to the finding of the court that the complaint described and alleged the plaintiff to own lands sufficiently definite to permit oral testimony to locate the land.

Number Three is based upon exceptions three and four to continuing of the injunction to the final hearing.

As to these assignments, it is noted that the court below was dealing in the main with procedural matters and not with the merits of the case. The trial court was of opinion that the allegations of the original complaint were sufficiently definite to admit of verbal testimony to locate the land in question,—and continued the injunction to final hearing as against defendants Yopp, and forbade them to cut any timber growing on the lands covered by the old Ennett Mill Pond referred to in the pleading. In so ruling, error is not made to appear on this appeal. Indeed reference to the record on former appeal (219 N.C. 540) reveals the fact that on hearing before first referee much evidence was offered by the parties bearing upon the matters at issue in the case.

Moreover, the demurrer *ore tenus* now filed in this Court by defendants Yopp for that the complaint as amended by the affidavit in the record does not state facts sufficient to constitute a cause of action is not well founded. It requires no further elaboration. Hence on defendants' appeal prejudicial error is not made to appear, and the judgment from which the defendants Yopp appeal is affirmed.

Now that the proper parties plaintiff, and proper parties in place of T. O. Yopp, deceased, are properly before the court, the case may and should proceed in an orderly fashion to an early conclusion on its merit as the law directs.

On plaintiffs appeal
Reversed.

On defendants Yopps' appeal
Affirmed.