SOUTHEASTERN FIRE INSURANCE COMPANY v. LEWIS POTEAT WALTON AND JAMES NICKLOS.

(Filed 2 February, 1962.)

1. Trial § 45—

   A verdict is incomplete until it has been accepted by the court for record.

2. Trial § 29—

   The rule that a party may, as a matter of right, take a voluntary nonsuit at any time before verdict when no counterclaim or affirmative relief is

demanded against him, obtains up to the time the verdict is accepted by the court or made known to any person other than members of the jury, the trial court, or a court official acting in the presence of the judge and under his direction with respect to the verdict, and a party's act in taking a voluntary nonsuit while a court official was taking the verdict from the jury to deliver it to the judge, is not reviewable.

**3. Judgments § 6—**

A judgment is *in fieri* during the term, and the court has authority as a matter of law to vacate the judgment during the term and may do so on its own motion.

**4. Trial § 48; Appeal and Error § 3—**

The action of the court in setting aside the verdict for error of law committed during the trial is reviewable, but where plaintiff has taken a voluntary nonsuit prior to acceptance of the verdict by the court, the act of the court in setting aside the verdict is without error, since, in such instance the court had no authority to accept or implement the purported verdict.

APPEAL by defendant from *Carr, J.,* June 1961 (second) Civil Term of WAKE.

This action was instituted 22 April 1960 to recover damages to an automobile allegedly caused by defendants' negligence.

Plaintiff insurer paid the owner the damages, took a subrogation assignment, and sued in its own behalf. Defendants, answering, denied plaintiff's allegations of negligence and pleaded contributory negligence.

At the trial plaintiff and defendants offered evidence, the judge charged the jury, and the jury retired and answered the issues as follows:

"1. Did the plaintiff insure the automobile of L. T. Woodlief against loss by collision as alleged in the complaint? Answer: Yes.

"2. Was the automobile of L. T. Woodlief damaged by the negligence of the defendants as alleged in the complaint? Answer: No.

"3. If so, was Gladys Woodlief, as agent of L. T. Woodlief, guilty of negligence which contributed to such damage as alleged in the answer? Answer: _____.

"4. What amount, if any, is plaintiff entitled to recover of the defendants? Answer: $_____."

"The jury . . . returned to the courtroom, handed the issues to the Deputy Sheriff, and the Clerk at that time being absent from the courtroom, the Deputy Sheriff started to the Judge's bench to deliver the issues to the Judge. Thereupon the following proceedings took place.

" 'THE COURT: Let the record show that as the jury filed into the courtroom to render its verdict and after the jury had delivered

the issues to the Deputy Sheriff and the Deputy Sheriff was on the way to the Judge's bench to deliver the issues to the Judge Plaintiff's attorney arose and moved that he be permitted to take a voluntary nonsuit. Take the verdict, please. You answer the 1st issue Yes and the 2nd issue No, that is your verdict so say you all?

" 'JUROR: Yes, sir.

" 'MR. DIXON: (Plaintiff's attorney) I except to the verdict as taken and move to set it aside as being contrary to the weight of the evidence, your honor.

" 'THE COURT: Motion denied. Plaintiff excepts.' "

The judge signed a judgment decreeing that "plaintiff is not entitled to recover of defendants," and assessing costs. Plaintiff excepted and gave notice of appeal.

Thereafter and at the same term the judge entered the following order:

"Upon the Court's own motion, for good cause shown, and in the discretion of the Court, the judgment entered in this action at this term of court is hereby vacated, and the motion of the plaintiff that the verdict be set aside is allowed, for that plaintiff, through its counsel, moved for judgment of voluntary nonsuit before the verdict of the jury was rendered.

"IT IS, THEREFORE, ORDERED that the verdict of the jury be set aside and it is further ordered that the motion of the plaintiff for judgment of voluntary nonsuit be allowed and that this action be dismissed as in case of voluntary nonsuit and the plaintiff be taxed with the costs."

Defendants excepted and appealed.

*Dupree, Weaver, Horton & Cockman and Jerry S. Alvis for defendants appellants.*

*Bailey and Dixon for plaintiff appellee.*

MOORE, J.   The rule is uniformly observed in this State that a plaintiff, in an ordinary civil action, against whom no counterclaim is asserted and no affirmative relief is demanded, may as a matter of right, take a voluntary nonsuit and get out of court at any time before verdict, and his action in so doing is not reviewable, and it is error for the court to refuse to permit him to take the voluntary nonsuit. 4 Strong: N. C. Index, Trial, s. 29, p. 325; *Hoover v. Odom,* 250 N.C. 235, 108 S.E. 2d 426; *Everett v. Yopp,* 247 N.C. 38, 100 S.E. 2d 221; *Sink v. Hire,* 210 N.C. 402, 186 S.E. 494; *Oil Co. v. Shore,* 171 N.C. 51, 87 S.E. 938; *Graham v. Tate,* 77 N.C. 120. Conversely, a nonsuit is not allowed after verdict. "In actions where a verdict *passes* against

the plaintiff, judgment shall be entered against him." (Emphasis added.) G.S. 1-224; *Sharpe v. Sowers*, 152 N.C. 379, 67 S.E. 1003.

In the instant case the jury agreed upon a verdict, answered the written issues, returned to the courtroom, and handed the written verdict to a deputy sheriff. While the deputy sheriff was on the way to the judge's bench to deliver the verdict to the judge, plaintiff requested that it be permitted to take a voluntary nonsuit. The judge refused to permit it to do so. We must therefore determine, initially, whether or not the request was made *before* the verdict *passed.* If so, it was error for the judge to accept the verdict and enter judgment based thereon.

In this jurisdiction the general rule has been repeatedly and consistently stated and applied, under widely differing circumstances, that before a verdict returned into open court is complete, it must be accepted by the court for record. *State v. Gatlin*, 241 N.C. 175, 84 S.E. 2d 880; *Edwards v. Motor Co.*, 235 N.C. 269, 69 S.E. 2d 550; *Queen v. DeHart*, 209 N.C. 414, 184 S.E. 7; *Baird v. Ball*, 204 N.C. 469, 168 S.E. 667; *Allen v. Yarborough*, 201 N.C. 568, 160 S.E. 833; *State v. Bagley*, 158 N.C. 608, 73 S.E. 995; *State v. McKay*, 150 N.C. 813, 63 S.E. 1059; *State v. Godwin*, 138 N.C. 582, 50 S.E. 277; *State v. Arrington*, 7 N.C. 571. Acceptance by the trial judge is a prerequisite for a complete, valid and binding verdict. It is the duty of the judge to examine the form and substance of a verdict so as to prevent a doubtful or insufficient finding from passing into the records. For that purpose the court can, at any time while the jury is before it and under its control, see that the jury amend its verdict in form so as to meet the requirements of the law. When the jury returns an informal, insensible, or a repugnant verdict, or one that is not responsive to the issues submitted, they may be given further instructions by the court and directed to retire and reconsider the matter and bring in a verdict in proper form. *State v. Gatlin, supra; Edwards v. Motor Co., supra; Queen v. DeHart, supra; Baird v. Ball, supra.* But the power of the trial court to accept or reject a verdict is restricted to the exercise of a limited legal discretion, and if the verdict is determinative of the issues involved the court is without authority to reject it, provided the court at the time of the coming in of the verdict has authority to proceed with the trial. *Edwards v. Motor Co., supra; Allen v. Yarborough, supra;* Of course, the court cannot amend or change the substance of a verdict without the consent of the jury, and cannot amend or change it in any way after it has been accepted and recorded. *State v. Snipes*, 185 N.C. 743, 117 S.E. 500.

In *Cahoon v. Brinkley*, 168 N.C. 257, 84 S.E. 263, the right of plaintiff to take a voluntary nonsuit is involved. The jury returned to the courtroom at the instance of the judge, stated that they had not

reached a verdict, but, upon inquiry by the judge as to progress made, said they could agree upon an answer to the first issue within a few minutes. The judge directed the jury to retire for further deliberation. "They started toward the jury room and the counsel for plaintiff arose and said the plaintiff would take a nonsuit." The court refused to permit the plaintiff to do so. On appeal, this Court reversed the ruling and stated: "It is to be noted that the jury in this case had not agreed on any one issue, and no verdict had been rendered on either issue. Under such circumstances it is well settled, in the absence of a properly pleaded counterclaim, that plaintiff had a right to submit to a non-suit and go out of court." In *Oil Co. v. Shore, supra,* seven of eleven issues had been answered, and the identity of the answered issues was known to the parties. At the direction of the court the jury retired to further consider the issues. Plaintiff's counsel announced that plaintiff would take a nonsuit, but the court would not permit it to do so. This ruling was reversed on appeal. "The jury had delivered no verdict, and the court had not *accepted* what had been done as a verdict. . . ." (Emphasis added.) In a case in which the verdict had been accepted by the judge and the jury had retired at the court's direction to correct a mere informality in the verdict, the plaintiff had no right to take a voluntary nonsuit. *Strause v. Sawyer,* 133 N.C. 64, 45 S.E. 346.

"A plaintiff can at any time before verdict withdraw his suit, or, as it is termed, 'take a nonsuit'. . . . (A)ccording to the course of the court the plaintiff is at liberty to take a nonsuit by announcing his purpose to absent himself even after the judge has charged the jury and their verdict is made up; provided he does so before the verdict is *made known*." (Emphasis ours.) *Graham v. Tate, supra.*

"When the jury appear in court, the judge directs the clerk to take the verdict: he inquires if they have agreed, and the foreman responds that they have, and hands the issues with the answers to the clerk. These are then read, so that the judge may determine whether or not they are in proper form, and the clerk inquires whether all the jurors consent, 'so say you all,' to show that it is unanimous, and to give each juror an opportunity to express his dissent." McIntosh: North Carolina Practice and Procedure, (2d Ed.) Vol. 2, s. 1471, p. 79.

We conclude that a verdict "passes," when it has been accepted by the trial judge for record. And a plaintiff may take a voluntary nonsuit at any time before the verdict is accepted and before it is "made known." A verdict is accepted by the judge when he has inspected it and finds, or should as a matter of law find, that it is determinative of the issues involved. A verdict is "made known" when its contents have been seen or heard by any person or persons other than the jury serving on the case, the trial judge, and a court official or court of-

ficials acting in the presence of the judge and under his direction with respect to the verdict. It is our opinion, and we so hold, that plaintiff in the case at bar acted in apt time to withdraw his suit and had right to do so.

The judge entered judgment on the purported verdict in this case. Thereafter and at the same term he vacated the judgment. This he had authority to do as a matter of law. "A judgment is *in fieri* during the term at which it is rendered and the judge *non constat* notice of appeal, may modify, amend or set it aside at any time during the term." *Hoke v. Greyhound Corp.*, 227 N.C. 374, 375, 42 S.E. 2d 407; *State v. Godwin*, 210 N.C. 447, 187 S.E. 560; *Cook v. Telegraph Co.*, 150 N.C. 428, 64 S.E. 204. And in so doing the court may act on its own motion. *Shaver v. Shaver*, 248 N.C. 113, 118, 102 S.E. 2d 791.

Next, the court set aside the verdict. "The judge . . . may, in his discretion, entertain a motion . . . to set aside a verdict and grant a new trial upon exceptions, or for insufficient evidence, or for excessive damages; but such motion can only be heard at the same term at which the trial is had." G.S. 1-207. "If the motion is based upon exceptions taken during the trial, or upon circumstances which involve the legal validity of the verdict, or the ruling is based upon the existence or nonexistence of legal authority to make it, the action of the court is subject to review." McIntosh: North Carolina Practice and Procedure (2d Ed.), Vol. 2, s. 1594, p. 93; *Ward v. Cruse*, 234 N.C. 388, 67 S.E. 2d 257. We think the order setting aside the verdict is subject to review since the reason assigned therefor is that plaintiff "moved for judgment of voluntary nonsuit before the verdict of the jury was rendered." *Roberts v. Hill*, 240 N.C. 373, 82 S.E. 2d 373. But no error was committed in setting aside the verdict for plaintiff had taken a nonsuit before the verdict was rendered, the case was at an end, and the court had no authority to accept or implement the purported verdict.

The voluntary nonsuit of plaintiff was properly entered. It has been said "that a trial judge may dismiss an action after verdict rendered only on two grounds: (1) want of jurisdiction, or (2) failure of the complaint to state a cause of action." *Ward v. Cruse, supra.* This rule has no application here. In the first place the verdict was improperly accepted, and is a nullity. In the second place, the taking of the voluntary nonsuit was the act of the plaintiff and not of the court. The court's order merely notes the act of plaintiff in withdrawing his suit. Assuming that it was necessary in this case to set aside the verdict, once it was set aside the status of the case upon the docket was the same as if it had never been tried. Thereupon, the plaintiff

had the right to enter its voluntary nonsuit. "A voluntary nonsuit is the act of the party and is not subject to review." McIntosh: North Carolina Practice and Procedure (2d Ed.), Vol. 2, s. 1782(1), p. 205.

The order appealed from is

Affirmed.