LUCILLE CLEMMONS v. LIFE INSURANCE COMPANY OF GEORGIA
No. 695SC437

(Filed 17 December 1969)

1. **Trial § 29— voluntary nonsuit as a matter of right**

   When the defendant has asserted no counterclaim and demanded no affirmative relief, the plaintiff may take a voluntary nonsuit as a matter of right at any time before the verdict is accepted and made known.

2. **Trial § 29— voluntary nonsuit as a matter of right — timeliness of motion — verdict**

   Plaintiff is entitled to a judgment of voluntary nonsuit as a matter of right, where his motion for nonsuit was made after the jury's verdict had been delivered to the trial judge and found by him to be determinative of the issues, but before the contents of the verdict had been made known to any person other than the members of the jury and the trial judge.

APPEAL by defendant from *Peel, J.,* 12 May 1969 Civil Session of NEW HANOVER Superior Court.

Plaintiff sued to recover compensatory and punitive damages from the defendant for an assault which plaintiff alleged had been made upon her by Morris Weeks, an agent of the defendant, while at her home for the purpose of collecting an insurance premium. On a previous appeal of this case, an order of the superior court sustaining demurrer to the complaint was reversed. *Clemmons v. Insurance Co.,* 274 N.C. 416, 163 S.E. 2d 761. The case then came on for trial in the superior court, when both plaintiff and defendant offered evidence. The case was submitted to the jury on the following issues:

FIRST: Was the plaintiff, Lucille Clemmons, assaulted by Morris Weeks as alleged in the complaint?

ANSWER:

SECOND: If so, at the time of said assault was Morris Weeks acting as the agent or employee of the defendant, Life Insurance Company of Georgia, and acting within the scope and course of his employment with said defendant?

ANSWER:

THIRD: What amount, if any, is the plaintiff entitled to recover of the defendant, Life Insurance Company of Georgia, as compensation for her injuries and damages as alleged in the complaint?

ANSWER:

FOURTH: What amount, if any, is the plaintiff entitled to recover of the defendant, Life Insurance Company of Georgia, as punitive damages?

ANSWER:

After the jury retired to consider its verdict, the court took a ten-minute recess. During the recess, the deputy sheriff who was acting as bailiff advised the court that the jury wanted to come in, whereupon the court instructed the deputy to tell the jury to wait until the recess was over. Before the jury returned to the box, counsel for plaintiff asked the court whether the jury had arrived at a verdict. The court stated that its recollection was that the deputy sheriff said the jury wanted to come in. As the jurors were returning to the box, the deputy brought the issues into the courtroom and handed them to the judge. The court looked at the issues, saw that the answer to issue No. 1 was "No," and that the other issues were not answered. The court found that such an answer was determinative of the issues, but made no statement. As the court was handing the issues to the clerk and before any announcement was made, and before any person other than the judge and jury knew the verdict, counsel for plaintiff stated in open court, "Plaintiff takes a voluntary nonsuit." The court at first denied plaintiff's motion for voluntary nonsuit and ordered the clerk to proceed with the taking of the verdict. The deputy clerk then took the verdict as follows:

DEPUTY CLERK: "Ladies and Gentlemen of the jury, please stand. Ladies and Gentlemen, you have all agreed, and your answer to first issue, 'No,' so say you all?"

JURORS: "Yes."

The court thereafter reconsidered the matter and declined to sign judgment on the verdict as tendered by defendant, and instead entered judgment of nonsuit. Defendant appeals, the only assignment of error being to the court's action in refusing to sign judgment on the verdict as tendered by defendant and in signing judgment of nonsuit as submitted by plaintiff.

*W. G. Smith and Jerry L. Spivey, for plaintiff appellee.*

*Marshall & Williams, by Lonnie B. Williams, for defendant appellant.*

PARKER, J.

It is a generally recognized principle of English-American law that a plaintiff is not bound to prosecute his action to a finish merely because he has begun it, but may, up to some point in the litigation, abandon his action without losing his right to come back on another day. The sole question presented by this appeal is whether plaintiff's voluntary nonsuit in this case was taken in apt time to entitle him to judgment of nonsuit as a matter of right.

[1]  While under the practice in a number of jurisdictions a plaintiff may no longer take a voluntary nonsuit after the jury has retired to consider their verdict, 27 C.J.S., Dismissal and Nonsuit, § 20, p. 344, North Carolina has continued up until the present time to follow the common-law rule which permitted the plaintiff to take a nonsuit at any time before the verdict. "When the defendant has asserted no counterclaim and demanded no affirmative relief, the plaintiff may take a voluntary nonsuit as a matter of right at any time before the verdict." *Mitchell v. Jones,* 272 N.C. 499, 158 S.E. 2d 706. We note that this rule of practice has been changed by the adoption of our new Rules of Civil Procedure. Rule 41(a)(1)(i), as rewritten by Chap. 895 of the 1969 Session Laws, provides that an action or any claim therein may be dismissed by the plaintiff without an order of court "by filing a notice of dismissal *at any time before the plaintiff rests his case.*" (Emphasis added.) The new rules, however, will not become effective until 1 January 1970, and disposition of the present appeal must be controlled by the existing practice in this State.

"The rule is uniformly observed in this State that a plaintiff, in an ordinary civil action, against whom no counterclaim is asserted and no affirmative relief is demanded, may as a matter of right, take a voluntary nonsuit and get out of court at any time before verdict,

and his action in so doing is not reviewable, and it is error for the court to refuse to permit him to take the voluntary nonsuit." *Insurance Co. v. Walton,* 256 N.C. 345, 123 S.E. 2d 780. In that case the jury had returned to the courtroom to render its verdict, and while the deputy sheriff was on the way to the judge's bench to deliver the issues to the judge, plaintiff's attorney arose and moved to be permitted to take a voluntary nonsuit. The trial judge at first refused the motion and took the verdict, which was rendered against the plaintiff. Subsequently the trial court allowed the motion of plaintiff for voluntary nonsuit, and on appeal the Supreme Court affirmed, holding that the plaintiff had acted in apt time to withdraw his suit and had a right to do so. In arriving at this decision, the opinion of the Supreme Court written by Moore, J., cited G.S. 1-224 which provides: "In actions where a verdict *passes* against the plaintiff, judgment shall be entered against him." (Emphasis added.) The opinion also laid stress upon the language which had been employed by Chief Justice Pearson in the early case of *Graham v. Tate,* 77 N.C. 120, quoting from the decision in that case as follows: "A plaintiff can at any time before verdict withdraw his suit, or, as it is termed, 'take a nonsuit'. . . . (A)ccording to the course of the court, the plaintiff is at liberty to take a nonsuit by announcing his purpose to absent himself even after the judge has charged the jury and their verdict is made up; provided he does so before the verdict is *made known.*" (Emphasis theirs.)

In discussing the North Carolina practice as affected by G.S. 1-224 and by the decision in *Graham v. Tate, supra,* Justice Moore in *Insurance Co. v. Walton, supra,* said:

> "We conclude that a verdict 'passes,' when it has been accepted by the trial judge for record. And a plaintiff may take a voluntary nonsuit at any time before the verdict is accepted and before it is 'made known.' A verdict is accepted by the judge when he has inspected it and finds, or should as a matter of law find, that it is determinative of the issues involved. A verdict is 'made known' when its contents have been seen or heard by any person or persons other than the jury serving on the case, the trial judge, and a court official or court officials acting in the presence of the judge and under his direction with respect to the verdict."

[2] In the case before us, plaintiff's motion for nonsuit was made after the jury's verdict had been delivered to and inspected by the trial judge and after he had found that it was determinative of the issues involved in this case. However, the verdict had not yet been

"made known," in the sense defined in the *Walton* case. We note that the language employed by the Supreme Court in laying down the timeliness rule in *Walton* was expressly that "a plaintiff may take a voluntary nonsuit at any time before the verdict is accepted *and* before it is 'made known.'" (Emphasis added.) The court did not say that a plaintiff may take a voluntary nonsuit at any time before the verdict is *either* accepted *or* made known. Under the language employed by the Supreme Court, plaintiff's right to take a voluntary nonsuit did not expire until both events had occurred. Therefore, plaintiff's motion for voluntary nonsuit in the present case was made in apt time and the decision of the superior court so holding is

Affirmed.

CAMPBELL and GRAHAM, JJ., concur.