**FURMICK v. MINER**

[154 N.C. App. 460 (2002)]

JOSEPH ALAN FURMICK, Plaintiff v. GREGORY R. MINER, Defendant

No. COA01-1346

(Filed 3 December 2002)

**1. Costs— attorney fees—findings—sufficiency**

The trial court's findings in a personal injury action were sufficient to support an award of attorney fees under N.C.G.S. § 6-21.1 where the findings sufficiently referred to certain factors without being specific.

**2. Costs— attorney fees—offers higher than verdict**

The trial court did not abuse its discretion by awarding attorney fees to plaintiff where defendant's prejudgment offers were higher than the jury verdict, but the court considered both the amount of the verdict and the timing of the settlement offers.

**3. Costs— attorney fees—prejudgment interest**

There is no provision in N.C.G.S. § 6-21.1 for the assessment of prejudgment interest and the trial court erred in a personal injury action by including prejudgment interest in an award of attorney fees.

**4. Costs— attorney fees—appellate services**

The trial court has discretion under N.C.G.S. § 6-21.1 to award attorney fees for services performed on appeal, and the case was remanded for findings and an award.

Appeal by defendant from judgment entered 17 May 2001 by Judge A. Leon Stanback, Jr. in Wake County Superior Court. Heard in the Court of Appeals 22 August 2002.

*Blanchard, Jenkins, Miller & Lewis, PA, by Philip R. Miller, III, for plaintiff-appellee.*

*Cranfill, Sumner & Hartzog, L.L.P., by Jesse M. Tillman, III, for defendant-appellant.*

THOMAS, Judge.

The issue for consideration in this appeal is whether the trial court erred in awarding attorney's fees, costs and prejudgment interest under N.C. Gen. Stat. § 6-21.1.

The jury returned an $812.11 verdict for plaintiff, Joseph Alan Furmick, upon his claim for personal injuries. Defendant, Gregory R. Miner, had earlier filed a $3,671.00 Offer of Judgment. The trial court nevertheless awarded plaintiff $6,500.00 in attorney's fees, $1,866.90 in costs and $81.20 in prejudgment interest.

Defendant appeals, arguing the trial court: (1) erred by failing to make adequate findings of fact; (2) abused its discretion in awarding fees in light of the amount of defendant's settlement offers as compared to the jury verdict; and (3) erred in awarding prejudgment interest.

We agree with defendant as to the inclusion of prejudgment interest, but otherwise affirm the trial court. We remand the case for the limited purpose of allowing the trial court to make a determination regarding attorney's fees for services performed on appeal.

On 10 April 1997, plaintiff was driving home from work when his vehicle was struck from behind by a vehicle operated by defendant. Plaintiff suffered lower back pain and as a result incurred medical bills totaling $600.56.

Approximately two weeks after the accident, J.J. Hoyer, a representative of defendant's liability insurance carrier, went to plaintiff's home and made a settlement offer. According to Hoyer, he offered to pay the total of plaintiff's medical expenses up to that date plus $1,000.00. Plaintiff does not deny an offer was made but does not remember the amount. In any event, plaintiff, who was still receiving medical treatment, refused the offer.

On 11 October 2000, after plaintiff instituted suit and mediation was unsuccessful, defendant filed an Offer of Judgment in the amount of $3,671.00. Plaintiff again declined to settle.

The case was tried before a jury on 4 and 5 December 2000.

[1] By his first assignment of error, defendant contends the trial court erred in awarding fees and costs because it failed to make specific findings of fact. While the trial court made findings of fact concerning the reasonableness of the fees and costs, defendant argues it did not make required findings regarding whether an award was appropriate. We disagree.

Generally, the prevailing party is not entitled to recover attorney's fees as a part of court costs. *Washington v. Horton*, 132 N.C. App. 347, 349, 513 S.E.2d 331, 333 (1999). However, our legislature has pro-

vided for the recovery of attorney's fees in certain cases where the damage award is less than $10,000.00:

> In any personal injury or property damage suit, or suit against an insurance company under a policy issued by the defendant insurance company and in which the insured or beneficiary is the plaintiff, upon a finding by the court that there was an unwarranted refusal by the defendant insurance company to pay the claim which constitutes the basis of such suit, instituted in a court of record, where the judgment for recovery of damages is ten thousand dollars ($10,000) or less, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages in said suit, said attorney's fee to be taxed as a part of the court costs.

N.C. Gen. Stat. § 6-21.1 (2001). "The allowance of attorney fees is in the discretion of the presiding judge, and may be reversed only for abuse of discretion." *Washington*, 132 N.C. App. at 351, 513 S.E.2d at 334. Accordingly, to overturn the trial court's decision, it must be shown that it is "so arbitrary that it could not have been the result of a reasoned decision," or is "manifestly unsupported by reason." *Davis v. Kelly*, 147 N.C. App. 102, 106, 554 S.E.2d 402, 405 (quoting *Blackmon v. Bumgardner*, 135 N.C. App. 125, 130, 519 S.E.2d 335, 338 (1999)).

This discretion, however, is not unbridled. *Washington*, 132 N.C. App. at 351, 513 S.E.2d at 334. The trial court must consider the entire record, including: (1) settlement offers made before suit was filed; (2) offers of judgment made pursuant to Rule 68 of the North Carolina Rules of Civil Procedure, and whether the judgment finally obtained was more favorable than such offers; (3) whether the defendant unjustly exercised superior bargaining power; (4) in the case of an unwarranted refusal by an insurance company, the context in which the dispute arose; (5) the timing of the settlement offers; (6) the amounts of settlement offers as compared to the jury verdict; and (7) the whole record. *Id.* at 351, 513 S.E.2d at 334-35 (citations omitted). If the trial court determines that an award of attorney's fees is proper, it must also make factual findings concerning time and labor expended, the skill required, the customary fee for similar work, and the experience or ability of the attorney based on competent evidence. *Porterfield v. Goldkuhle*, 137 N.C. App. 376, 378, 528 S.E.2d 71, 73 (2000) (citations omitted). However, the trial court is not required

to make detailed findings of fact for each factor. *Tew v. West,* 143 N.C. App. 534, 537, 546 S.E.2d 183, 185 (2001).

Here, the trial court's order states "[a]t the hearing for costs and attorney fees, the Court considered the following materials:"

1. Motion for Costs with exhibits submitted by Plaintiff;

2. Bill of Costs and Attorney's Fees submitted by Plaintiff;

3. Affidavit of Philip R. Miller, III, attorney for Plaintiff;

4. Testimony of Mr. J.J. Hoyer, insurance adjuster for Liberty Mutual Insurance, the liability insurance carrier in this case, who appeared and testified at the hearing pursuant to a subpoena issued by counsel for Plaintiff;

5. Exhibits tendered during the hearing;

6. Legal arguments and authorities submitted by Mr. Miller; and

7. Legal arguments and authorities submitted by Mr. Tillman.

The Court has reviewed all of the above-referenced materials as well as the relevant case law setting forth the elements that must be satisfied before ordering a defendant to pay costs and attorney's fees pursuant to North Carolina General Statute § 6-21.1. In particular, pursuant to <u>Washington v. Horton</u>, 132 N.C. App. 347, 513 S.E.2d 331 (1999), the Court has considered the following factors:

1. Settlement offers made prior to the institution of the action;

2. The offer of judgment in the amount of $3,671.00 made by the Defendant pursuant to Rule 68 on the 11th day of October, 2000 and whether the Judgment finally obtained was more favorable than such offer;

3. Whether the Defendant exercised superior bargaining power;

4. The timing of settlement offers as reflected and summarized in Exhibit 4 of Plaintiff's motion for costs and attorney fees and as occurred prior to the start of the jury trial when the undersigned Judge told both attorneys to confer with their respective clients in an effort to settle the case;

5. The amounts of the settlement offers as compared to the jury verdict; and

6. The whole record.

In a footnote following (6) above, the order provided:

> In light of the fact that this was a case against an individual defendant and not an insurance company, the Court did not consider and therefore does not make any findings on the issue of whether there was an unwarranted refusal by the Defendant insurance company to pay the claim which constitutes the basis of such suit.

The trial court then made ten additional findings pertaining to the reasonableness of the award, the time and labor expended, the skill required, the customary fee for like work, and the experience or ability of plaintiff's counsel.

Defendant correctly asserts that the trial court's mere recitation that it has considered all of the *Washington* factors, without additional fact finding, is inadequate and does not allow for meaningful appellate review. *Thorpe v. Perry-Riddick*, 144 N.C. App. 567, 572-73, 551 S.E.2d 852, 857 (2001). Here, however, the trial court incorporated by reference the parties' briefs and other evidence it had reviewed including exhibits, testimony, and an affidavit. It then specifically noted defendant's pre-judgment offer of $3671.00, the timing of the settlement offers "as reflected and summarized in Exhibit 4," and the fact that the *Washington* factor regarding an insurance company's unwarranted refusal to pay a claim did not apply here.

The trial court did not specifically note each offer and the amount. However, the trial court did make reference to "offers" in its findings. Since there were essentially only two amounts offered, the one by Hoyer and the Offer of Judgment, which was one dollar more than the mediation offer, we hold the findings are adequate as to that factor.

The trial court also did not expressly find that the judgment finally obtained—damages plus costs plus attorney's fees—exceeded the Offer of Judgment. It did, however, state the factor was considered. The judgment finally obtained here totaled $9,179.01, which does not include prejudgment interest. Clearly, that exceeded defendant's top offer of $3,671.00.

**FURMICK v. MINER**

[154 N.C. App. 460 (2002)]

Finally, the trial court did not make a finding about whether the defendant unjustly exercised superior bargaining power. The lack of such a finding was in no way prejudicial to defendant. Accordingly, we reject this assignment of error.

[2] By his second assignment of error, defendant contends the trial court abused its discretion in awarding attorney's fees where the jury verdict was $812.11. He argues that his initial offer eighteen days after the accident was nearly twice the jury verdict, and his mediation offer and offer immediately following mediation were approximately four and a half times the verdict. Defendant further emphasizes that plaintiff's settlement demands never fell below $4,000.

While defendant's prejudgment offers were higher than the ultimate jury verdict, we can not say these facts render the trial court's award "completely arbitrary" or "manifestly unsupported by reason." *Davis*, 147 N.C. App. at 106, 554 S.E.2d at 405. The trial court considered both the amount of the verdict and "[t]he timing of settlement offers as reflected and summarized in Exhibit 4 of Plaintiff's motion for costs and attorney fees and as occurred prior to the start of the jury trial when the undersigned Judge told both attorneys to confer with their respective clients in an effort to settle the case." Accordingly, the trial court acted within its authority under section 6-21.1 and we reject defendant's argument.

[3] By his third assignment of error, defendant contends the trial court erred in awarding prejudgment interest in the amount of $81.20. We agree. This Court held in *Washington* that because there is no provision in section 6-21.1 for the assessment of interest, the trial court erred by including interest in its award of attorney's fees. *Washington*, 132 N.C. App. at 352, 513 S.E.2d at 335. Accordingly, we vacate that portion of the award charging interest.

[4] Plaintiff has also moved, in this Court, for attorney's fees incurred during the appellate process. The trial court does have discretion under section 6-21.1 to award such fees. *Davis v. Kelly*, 147 N.C. App. 102, 109, 554 S.E.2d 402, 406-07 (2001). We therefore remand this case to allow the trial court, upon plaintiff's motion and in its discretion, to make findings of fact relevant to a determination of reasonable attorney's fees for services performed on appeal and to enter an award consistent with those findings.

Accordingly, we vacate that part of the trial court's order awarding prejudgment interest but otherwise affirm. We remand for consideration of attorney's fees incurred for the appeal.

VACATED IN PART; AFFIRMED IN PART; REMANDED IN PART.

Judges MARTIN and TYSON concur.